**STATE of Missouri, Plaintiff-Respondent,**

v.

**Gregory LAHAY, Defendant-Appellant.**

No. 48421.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 5, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 26, 1985.

Application to Transfer Denied
April 30, 1985.

Kathryn Shubik, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from a jury conviction for assault in the second degree, burglary in the first degree, stealing over $150 and armed criminal action. Defendant contends he was denied a fair trial because the state failed to notify defense counsel of a witness' prior inability to identify defendant in a pictorial array. We affirm.

On March 4, 1983 at approximately 4:20 p.m., Robert Wilson returned home from the circuit clerk's office in the City of St. Louis after attempting to post bond for Gregory Hilts. When he reached his home, he noticed a car blocking his driveway. Wilson parked next door and went to the back of his house. At that time, he observed Susan Hilts, Gregory's wife, standing in the doorway. As he entered his home, Wilson observed defendant, Gregory Lahay, in the back bedroom with a pistol. Defendant told Wilson not to look at him. At some point thereafter, Wilson was hit several times with the butt of a rifle he kept in his closet.

Later that evening, Susan Hilts telephoned Wilson and offered to return the property if he did not prosecute. The police overheard the conversation. Hilts and defendant were subsequently arrested.

Defendant raises one point on appeal. Defendant contends he was denied the right to a fair trial because the state failed to notify defense counsel of Delores Wilson's inability to identify defendant in a pictorial array.

Delores Wilson is the next door neighbor of the victim, Robert Wilson. On the night in question, Delores Wilson was returning home from work. Delores Wilson observed defendant exit Robert Wilson's door, run down his steps and get into a car.

On the day of trial, Delores Wilson reported to the courthouse with Robert Wilson. Robert Wilson was shown an array of

photographs and asked to identify the man in his home. Delores Wilson requested to see the photographs, however, she was unable to make any identification. At trial, Delores Wilson made an in court identification of appellant.

The evidence is clear that the state failed to inform defense counsel of Delores Wilson's viewing of the photographs. With this in mind, the question remains "whether the failure to disclose resulted in fundamental unfairness or prejudice to defendant." *State v. Smothers*, 605 S.W.2d 128, 131 (Mo. banc 1980).

Supreme Court rule 25.03 requires pretrial disclosure of various materials which could affect the outcome of trial. More specifically, the state shall disclose "[t]he names and last known addresses of persons whom the state intends to call as witnesses at any hearing or at trial" and "[a]ny ... photographs, ... which the state intends to introduce into evidence at the hearing or trial...." Rule 25.03.

It appears from the record that Delores Wilson was not a surprise witness. No objection was made when Delores Wilson was called to testify. We can only assume that defense counsel was aware of the state's intent to call her as a witness or that defense counsel waived any objection it may have had. We now direct our attention to the photographs.

The record reveals that the photographs were admitted into evidence, without objection, prior to Delores Wilson's testimony. There was no error in the admission of the photographs. However, by not informing defense counsel of Delores Wilson's viewing, the state was in violation of Rule 25.-03(9) which states the state shall disclose:

[a]ny material or information, within the possession or control of the state, which tends to negate the guilt of the defendant as to the offense charged ...

The failure to inform defense counsel was error. However, under Rule 25.16 the court could have, if requested, granted defendant a continuance in order to voir dire the witness out of the presence of the jury. *See State v. Davis*, 627 S.W.2d 308 (Mo.

App.1981). This continuance could have eradicated any inadequacy of cross-examination in relation to the reliability of the identification evidence. No effort was made to obtain a continuance. The drastic remedy of a mistrial is not available until the remedies shown in Rule 25.16 are shown to be inadequate. *State v. Smothers.*

The judgment is affirmed.

GAERTNER and KAROHL, JJ., concur.