Gregory LAHAY, Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 53655.

Missouri Court of Appeals,
Eastern District,
Division One.

May 10, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 14, 1988.

Holly G. Simons, Asst. Public Defender, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of second-degree assault, first-degree burglary, stealing $150 or more, and armed criminal action. He was found to be a persistent offender and was sentenced by the court to prison terms of 10 years, 30 years, 15 years, and life, sentences to run concurrently. A brief statement of the facts of the case is found in *State v. Lahay*, 687 S.W.2d 604 (Mo.App.1985), wherein we affirmed movant's convictions on appeal.

Movant filed a pro se Rule 27.26 motion, raising several grounds for relief, and counsel was appointed to represent him. He filed an amended pro se motion, stating twelve claims of ineffective assistance of trial counsel. At the evidentiary hearing movant proceeded solely on the claims raised in his amended motion. He testified in his own behalf, and his trial counsel testified for the state. The motion court issued detailed findings of fact and conclusions of law on each of movant's points, denying the motion.

On appeal movant's sole contention is that the court erred in finding he was informed of his right to testify by his trial counsel and he waived this right. He argues the record does not reflect a knowing and intelligent waiver of his right to testify.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

At the evidentiary hearing movant testified he was not advised by counsel of his right to testify. He said, "I wanted to testify, and his [counsel's] exact words were that I couldn't testify because I had too many felony convictions." He stated he believed he was barred from testifying because of his felony convictions. On cross-examination he testified counsel told him "that if I get on the stand ... the

prosecutor would be able to go into my prior record."

Counsel testified he explained the right to testify to movant, but he strongly advised against exercising that right because movant's prior felony convictions would be brought to the jury's attention. Counsel stated that he did not believe the benefits of movant's testimony would outweigh the harm of the prior convictions, and that on counsel's advice, movant decided not to testify.

The motion court made the following findings and conclusions:

> The Court finds that Movant's trial attorney informed Movant of his right to testify in his own behalf. He further informed Movant of the ability of the prosecution to cross examine and impeach Movant by and through the use of his prior convictions. The Court finds that Movant made his own decision, after receiving advice of counsel, to exercise his right not to testify. Movant's trial counsel in this regard exercised the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances.

The motion court was not required to believe the testimony of movant or any other witness at the Rule 27.26 hearing, and we must defer to the motion court's determination of credibility. Movant had the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State*, 741 S.W.2d 683, 688 (Mo.App.1987). The court was entitled to believe trial counsel's testimony and disbelieve that of movant. Its findings and conclusions are not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.