**William GROOMS, Appellee,**

**v.**

**Herman SOLEM, Warden of the South Dakota State Penitentiary, Appellant.**

**No. 90–5036.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1990.

Decided Jan. 8, 1991.

See also 399 N.W.2d 358.

Michael Abourezk, Gregory, S.D., for appellant.

Frank Geaghan, Asst. Atty. Gen., Pierre, S.D., for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

WOLLMAN, Circuit Judge.

A South Dakota jury convicted William R. Grooms on two counts of selling stolen Native American artifacts. The court sentenced him to eight years of imprisonment on each count, to be served consecutively. After exhausting his state court remedies, Grooms filed a petition pursuant to 28 U.S.C. § 2254, alleging that he had been denied his sixth amendment right to the effective assistance of counsel. Adopting the magistrate's[1] proposed findings and recommendation, the district court[2] issued a writ of habeas corpus. The state appeals. We affirm.

## I.

A grand jury indicted Grooms of two counts of grand theft by disposal of stolen property arising out of his sale to Roy Cooper of a beaded dress and a horsehair headstall stolen from the Crazy Horse Museum by a third party. The South Dakota Supreme Court affirmed Grooms' conviction on direct appeal. *See State v. Grooms*, 399 N.W.2d 358 (S.D.1987). A state trial court denied post-conviction relief after an evidentiary hearing, and the state supreme court summarily affirmed on appeal. This proceeding then followed.

The factual background of the charges against Grooms is adequately set forth in the South Dakota Supreme Court's opinion in the direct appeal. One Roy Cooper was hired by the state to gather evidence of purchases of stolen property in western South Dakota. Grooms traded horses in the area and knew Cooper through his business at rodeos and stock sales. Cooper married the mother of Grooms' three sons, Linda White. Thereafter, Grooms and the Coopers engaged in a bitter and spiteful battle over the custody of the three children. Grooms has maintained throughout the criminal proceedings that the Coopers fabricated the theft charges in order to prevail in the dispute over the children.

At trial, Cooper testified that in the spring of 1984 he approached Grooms about a stolen horsehair headstall—that part of a horse's bridle that encircles the horse's head. Grooms offered to sell the item for $300, which Cooper paid on May 24, 1984. Cooper also testified that Grooms offered to sell a stolen Native American beaded dress. Cooper testified that he purchased the dress for $1,000 on May 15, 1984, the transaction taking place at Scenic, South Dakota, between 5:00 and 5:30 p.m. that day.[3]

Grooms met with appointed counsel three times in preparation for trial. Grooms and his wife claim that they explained a potential alibi defense at the second of these meetings. The district court found that on the morning of trial Grooms informed counsel that he and his wife, together with a friend, had spent May 15, 1984, waiting for the mechanics at the Angel brothers' garage to replace the transmission in Grooms' pickup. Angel Transmission Service in Rapid City, South Dakota, is approximately 50 miles from Scenic, South Dakota. Grooms told counsel that the repair was not completed until dusk, well after the time Cooper claimed that the beaded dress sale took place.

Grooms produced for counsel a cancelled check number 304 for $290.20 dated May 15, 1984, payable to Angel Transmission and marked "trans repair" in the memo. The cancellation stamp on the reverse side of the check is dated May 16, 1984. Grooms also showed counsel a work order dated May 14, 1984, made out to Bill Grooms for repair of a '75 Chevrolet pickup, estimated at $291.20. "Paid," "Del" and "ck 304" were written on the face of the work order in longhand.

At the state court habeas corpus hearing, Delvin Schweitzer and Lenny Lowell, em-

---

**1.** The Honorable Thomas Parker, United States Magistrate Judge for the District of South Dakota.

**2.** The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

**3.** The state's motion to supplement the record with a police report that purportedly impeaches Cooper's testimony regarding the time the transaction took place is denied.

ployees of Angel Transmission, corroborated Grooms' story. Schweitzer, manager of Angel Transmission, and Lowell, the mechanic who worked on the truck, testified that they were not acquainted with Grooms before the truck was brought in for repair and that they had not seen him since. Lowell and Schweitzer testified that they had encountered some difficulty installing the rebuilt transmission. Schweitzer testified that they finished the installation at about 7:00 or 7:30 p.m. Schweitzer recalled the occasion because they seldom worked late and were not paid for overtime work.

Trial counsel did not check with Angel Transmission to establish whether anyone recalled the repair of Grooms' truck on May 14 or 15. Counsel did not alert the trial court to the possible alibi defense and did not ask for a continuance for further investigation. Rather, he assumed that the court would preclude any evidence of alibi because counsel had not given the notice of an alibi defense required by South Dakota law as a condition precedent to the introduction of such evidence at trial.

## II.

To prevail on his challenge to his conviction based on the charge of ineffective assistance of counsel, Grooms must demonstrate that his attorney's representation was constitutionally deficient and that but for counsel's ineffective assistance there is a reasonable probability that the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984).

■ Our review of Grooms' allegation of ineffective assistance must take into account the fact that "[a] state's conclusion regarding the effectiveness of counsel is a mixed question of law and fact not binding on this court," and is not subject to the deference requirement of 28 U.S.C. § 2254(d). *Lawrence v. Armontrout*, 900 F.2d 127, 129 (8th Cir.1990); *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070. As the Court observed in *Strickland*, "[B]oth the performance and prejudice components of

the ineffectiveness inquiry are mixed questions of law and fact." *Id.*

■ We measure attorney performance against the standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065; *Tosh v. Lockhart*, 879 F.2d 412, 413 (8th Cir.1989). Once a defendant identifies potential alibi witnesses, it is unreasonable not to make some effort to contact them to ascertain whether their testimony would aid the defense. *Lawrence*, 900 F.2d at 129; *Tosh*, 879 F.2d at 414. Trial counsel's failure to make any effort to check the bona fides of the documents Grooms presented by contacting Angel Transmission or to advise the court of his predicament and request a continuance was unreasonable under the circumstances of this case. In reaching this conclusion, we note the district court's finding that Angel Transmission Service is located only four and one-half miles—and a local telephone call—from the Pennington County Courthouse, the place of Grooms' trial, and that it would have required but a short continuance to verify the substance of the alibi with the potential alibi witnesses.

The state contends that trial counsel did not attempt to secure a continuance to investigate the alibi because he felt that the trial judge was unlikely to allow the introduction of the documentary evidence or the testimony of alibi witnesses due to the lack of statutory notice. The state argues that the trial court would have been compelled to exclude Grooms' alibi under the South Dakota notice of alibi statute. The state also argues that Grooms failed in his obligation to cooperate with counsel and to provide him with information necessary to prepare a defense.

■ Notice of alibi rules are constitutional in themselves, *Williams v. Florida*, 399 U.S. 78, 81–82, 90 S.Ct. 1893, 1895–96, 26 L.Ed.2d 446 (1970), and the preclusion sanction may be constitutionally applied when the notice rules are willfully violated with a desire to gain a tactical advantage. *Taylor v. Illinois*, 484 U.S. 400, 108 S.Ct. 646, 655–56, 98 L.Ed.2d 798 (1988). South Dakota's notice of alibi statute requires

that a defendant shall furnish the state with all pertinent alibi information before trial. S.D. Codified Laws Ann. § 23A–9–1 (1988). Regardless of whether timely alibi notice is given, however, evidence may be presented when an alibi witness is newly discovered or where good cause is established. S.D.Codified Laws Ann. §§ 23A–9–3, 9–5 (1988).

In *Taylor*, the Supreme Court recognized that the trial judge may insist on an explanation for a party's failure to comply with an alibi notice statute, imposing the severest sanction of exclusion of the evidence if the delay was the product of willful misconduct. *Taylor*, 108 S.Ct. at 655–56. The trial judge must be informed of the particulars of the potential alibi, however, in order to appraise the delay as a tactical ploy warranting the exclusion of exculpatory testimony. In Grooms' case, however, counsel did not give the trial court the opportunity to make inquiry into the reason for a belated notice of alibi and a ruling on a requested good-cause exception to the requirement of a pretrial filing of such notice.

Nothing in the record supports the state's conclusion that Grooms acted in bad faith. There is no evidence that he deliberately withheld from counsel the information concerning his alibi. Grooms insisted that he discussed the potential alibi defense one week before trial. Counsel's testimony at the state habeas corpus hearing was inconclusive about when he and Grooms first explored the subject.

Accepting the district court's finding that trial counsel initially learned of the alibi on the first day of trial, counsel nevertheless should have contacted the witnesses and made his record to the trial court as to the significance of the alibi and the fact that it was newly discovered. Trial counsel simply adopted the attitude that such a motion would be futile and that investigation was unnecessary. Once he discovered the potential alibi, however, trial counsel had a duty to attempt to investigate and to argue on the record for the admission of the alibi witnesses' testimony.

Having concluded that trial counsel's performance was constitutionally deficient,

we turn to whether that ineffective assistance resulted in prejudice within the meaning of the *Strickland* test. Prejudice can be shown by demonstrating that the uncalled alibi witnesses would have testified if called at trial and that their testimony would have supported Grooms' alibi. *Lawrence*, 900 F.2d at 131. The testimony of Schweitzer and Lowell at the state court's habeas corpus hearing established that they would have been available to testify if they had been called and that their testimony, if believed, would have supported Grooms' alibi defense. Thus, there is a reasonable probability that had these witnesses been called, the outcome of the trial on the sale of the beaded dress count would have been different, given the arguably plausible motivation Cooper had to be less than a disinterested, objective witness against Grooms. Likewise, we agree with the district court that the alibi testimony could have raised a reasonable doubt about Cooper's veracity and credibility with respect to the count regarding the horsehair headstall transaction.

The district court's judgment is affirmed.