Gregory LAHAY, Appellant,

v.

Bill ARMONTROUT, Appellee.

No. 89-2867.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 9, 1990.

Decided Jan. 9, 1991.

Springfield Baldwin, St. Louis, Mo., for appellant.

Stephen Hawke, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and STUART,* Senior District Judge.

HENLEY, Senior Circuit Judge.

Gregory Lahay appeals from the district court's dismissal of his federal habeas corpus petition, 28 U.S.C. § 2254, which was founded on his claim of ineffective assistance of counsel. We vacate the dismissal and remand for an evidentiary hearing.

A Missouri Circuit Court convicted Lahay of second-degree assault, first-degree burglary, stealing without consent, and armed criminal action. The court sentenced him as a persistent offender to concurrent sentences of ten years, thirty years, fifteen years, and life imprisonment. After the Missouri Court of Appeals affirmed the judgment and the sentence, *State v. Lahay*, 687 S.W.2d 604 (Mo.Ct. App.1985), Lahay filed a motion for post-conviction relief under Missouri Supreme Court Rule 27.26 (repealed effective January 1, 1988). In that motion Lahay claimed ineffective assistance of trial counsel for failing to confer with him before trial, to investigate and call witnesses, and to inform Lahay of his right to testify at trial. At the Rule 27.26 hearing, Lahay's trial counsel testified that he had met with Lahay several times to discuss the case, that he interviewed and decided not to call a potential alibi witness who stated he would perjure himself to exonerate Lahay, and that he informed Lahay of his right to testify in his own behalf.

The state court accepted counsel's statements and denied the motion. During the pendency of his appeal to the Missouri Court of Appeals, Lahay joined with two other prisoners to file complaints with the

* The Honorable William C. Stuart, United States Senior District Judge for the Southern District of Iowa, sitting by designation.

Missouri Bar Association claiming that the attorney had committed perjury at each of their Rule 27.26 hearings. The bar committee filed a three-count information with the Missouri Supreme Court against the attorney. One count alleged perjury in the three Rule 27.26 hearings. The other two counts alleged the attorney failed to appear in court to represent a client after being paid and failed to take any steps to defend a client charged with capital murder. The attorney surrendered his license, and the court accepted the surrender and disbarred the attorney without making any findings on the charges.

The Missouri Court of Appeals affirmed the denial of Lahay's motion and held that the trial court's findings were not clearly erroneous. *Lahay v. State,* 752 S.W.2d 65 (Mo.Ct.App.1988). Lahay then filed his § 2254 petition with the United States District Court for the Eastern District of Missouri, which assigned the matter to a magistrate. The magistrate found that the factual findings by the Missouri state courts were entitled to a presumption of correctness, that Lahay failed to prove his counsel was ineffective, and that Lahay could not obtain federal habeas relief based on his claim that the state knowingly used perjured testimony by his counsel in the Rule 27.26 hearing. The district court adopted the magistrate's findings and dismissed the petition with prejudice.

 While the district court perhaps correctly found Lahay's claim that counsel committed perjury such that Lahay did not receive a fair Rule 27.26 hearing is not a basis for federal habeas relief, lack of fair hearing will rebut the presumption of correctness of the state court's factual findings. 28 U.S.C. § 2254(d)(6). If conditions exist casting doubt on the reliability of the state court findings of fact, the presumption of correctness may be rebutted, and the petitioner is entitled to an evidentiary hearing to review the findings. *Richmond v. Ricketts,* 774 F.2d 957, 961–62 (9th Cir. 1985); *Laws v. Armontrout,* 863 F.2d 1377, 1381 (8th Cir.1988). We find the requisite conditions exist in the circumstances of trial counsel's disbarment and Lahay's challenge of counsel's statements.

A petitioner claiming ineffective assistance of counsel must show that not only was counsel's performance deficient, but also that the deficient performance was prejudicial. *Strickland v. Washington,* 466 U.S. 668 [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984). Prejudice may be presumed, however, if there has been a constructive denial of counsel altogether, *id.* at 692 [104 S.Ct. at 2067], or if counsel's performance renders the adversarial process unreliable. *Chadwick v. Green,* 740 F.2d 897, 900 (1984) [sic].

*Taylor v. Armontrout,* No. 89–2604, slip op. at 3 [915 F.2d 1576 (table)] (8th Cir. 1990).

This court is considerate of the same concerns expressed in the above-cited case because Taylor was one of the two prisoners who joined Lahay in reporting their counsel to the bar association. *See Jones v. Mabry,* 723 F.2d 590, 596 (8th Cir.1983) (court may refer to unpublished opinions). If Lahay's assertions of his counsel's failure to confer, investigate witnesses, and allow Lahay to testify have merit, then, at least constructively, Lahay might have been denied counsel altogether, and the state proceedings would be unreliable. As in *Taylor,* if the district court on remand finds counsel's performance was deficient, it should consider carefully the question whether the extent of the deficiency requires a presumption of prejudice and should conduct such further proceedings as may be indicated.

We vacate the district court's dismissal of Lahay's petition and remand for further proceedings consistent with this opinion.