Gregory LAHAY, Appellant,

v.

Bill ARMONTROUT, Appellee.

No. 91–3105.

United States Court of Appeals, Eighth Circuit.

Submitted June 10, 1992.

Decided Sept. 8, 1992.

James A. Schuchart, St. Louis, Mo., argued, for appellant.

Stephen Hawke, Jefferson City, Mo., argued, for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.

BEAM, Circuit Judge.

Gregory Lahay, an inmate at the Missouri State Penitentiary in Farmington, Missouri, appeals the denial of his petition for writ of habeas corpus. We affirm.

## I. BACKGROUND

The complete facts of this case are set forth in an earlier opinion concerning Lahay's petition. *See Lahay v. Armontrout,* 923 F.2d 578 (8th Cir.1991). A short summary will suffice here. In 1989, Lahay filed a petition for writ of habeas corpus, challenging his convictions in Missouri state court for various offenses stemming from a burglary. Lahay claimed that he did not receive effective assistance of counsel. The convictions had been affirmed on direct appeal and on a motion for state post-conviction relief.

Lahay's petition was assigned to a magistrate judge, who recommended denial based on the factual findings of the Missouri state courts. The district court adopted the magistrate's recommendation. Lahay appealed and we vacated the district court's judgment because we found conditions existed that cast doubt on the reliability of the state court's findings of fact. We remanded for further proceedings consistent with our opinion. *Lahay,* 923 F.2d at 579.

On remand, the matter was again referred to a magistrate judge, who held an evidentiary hearing. At the hearing, Lahay asserted that the performance of his trial attorney, John Walsh, was so deficient as to constitute a constructive denial of counsel. In particular, Lahay asserted that Walsh failed to adequately confer with him before trial, to inform Lahay of his right to testify at trial, and to investigate and call witnesses. To support his claims, Lahay testified at the hearing. Lahay also presented the testimony of one alibi witness, Kevin Cole, and a prior defense counsel, Robert Babbione, who had certified Cole as a potential defense witness.

In response, Missouri presented the testimony of the burglary victim, who again identified Lahay as the perpetrator, and a police officer, who confirmed various aspects of the victim's testimony and stated that Lahay's alleged accomplice, Susan Hilt, had also identified Lahay as the perpetrator. Walsh also testified. Walsh stated that he had Babbione's notes from previous meetings with Lahay and had personally met with Lahay at least four times before trial, informed Lahay of his right to testify, and interviewed Cole by telephone. Regarding his interview with Cole, Walsh testified that Cole said: "What does Greg want me to say—tell me what to say and I'll say it." Based on Cole's willingness to commit perjury, Walsh decided not to call him as an alibi witness. Walsh also testified that he wished to call Susan Hilt as a witness, but Hilt's attorney refused, noting that she had also been charged in the crime.

Following the hearing, the magistrate judge recommended denial of Lahay's petition. The magistrate judge noted that the evidence against Lahay was "somewhat overwhelming" and did not find Lahay's testimony concerning Walsh's representation credible. The magistrate judge concluded "that despite the fact that Walsh was not a totally effective counsel.... Walsh's performance was not so deficient as to require a presumption that Lahay was prejudiced at trial." Magistrate Judge's Review and Recommendation at 6–7. After conducting a de novo review of the evidence, the district court adopted the recommendation of the magistrate judge and denied Lahay's petition.

## II. DISCUSSION

On appeal, Lahay contends that the district court erred in adopting the magistrate judge's findings of fact. We disagree. To present a successful claim for ineffective assistance of counsel, a petitioner "must show that counsel's representation fell below an objective standard of

reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984). As to the performance of counsel, we have noted that "[t]here is a 'wide range' of reasonable professional assistance. A court must avoid second-guessing trial strategy. Accordingly, [a petitioner] must overcome a 'strong presumption' that his counsel's actions constituted reasonable trial strategy under the circumstances." *Sanders v. Trickey*, 875 F.2d 205, 207 (8th Cir.), *cert. denied*, 493 U.S. 898, 110 S.Ct. 252, 107 L.Ed.2d 201 (1989) (citing *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065). Because a claim of ineffective assistance of counsel presents a mixed question of law and fact, we conduct an independent review of the district court's conclusions. *E.g., Porter v. Lockhart*, 925 F.2d 1107, 1109 (8th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 2902, 115 L.Ed.2d 1066 (1991). We review the district court's factual findings, however, under the clearly erroneous standard. *E.g., id.*

■ Lahay initially contends that the district court erred in concluding that Walsh adequately conferred with him before trial. Although we have some reservations about the factual finding that Walsh met with Lahay four times before trial,[1] we do not believe that this particular finding is essential to the district court's ultimate conclusion. Lahay is unable to show any deficiency in Walsh's performance related to the number of times Walsh met with him. Lahay admits that Walsh met with him twice and had access to Babbione's file, which included notes from Babbione's previous meetings with Lahay. Moreover, La-

hay testified at the evidentiary hearing that he told Walsh everything he knew about the case. Viewing the circumstances as a whole, we believe that regardless of how many times Walsh met with Lahay, the district court did not err in concluding that Walsh adequately conferred with Lahay before trial.[2]

Lahay next contends that the district court erred in concluding that Walsh advised him of his right to testify at trial. The district court relied on the magistrate judge's determinations regarding the credibility of the witnesses. We have reviewed the record and find no basis to conclude that the district court erred in relying on the magistrate judge.

■ Finally, Lahay contends that the district court erred in concluding that Walsh adequately investigated alibi witnesses. The district court again relied on the magistrate judge's credibility determinations. Lahay, however, asserts that the magistrate judge invaded the province of the jury in assessing Cole's credibility. Lahay supports his position by citing cases which hold that an attorney's complete failure to investigate an alibi witness entitles a petitioner to a new trial if the uncalled alibi witness would have testified and the testimony would have been favorable to the petitioner. *See, e.g., Grooms v. Solem*, 923 F.2d 88, 91 (8th Cir.1991); *Lawrence v. Armontrout*, 900 F.2d 127, 129–30 (8th Cir. 1990).

Lahay ignores that in the present case, Walsh claims to have investigated the alibi witness. The focus here, therefore, is not whether a jury would have found Cole credible, but whether Walsh investigated Cole and had a reasonable basis for not calling Cole as an alibi witness. As factfinder for the habeas proceeding, the mag-

---

1. Walsh testified that he met with Lahay at a pretrial hearing and three other times while Lahay was detained pending trial. Jail records, however, show only one visit.

2. Lahay asserts that another criminal defendant represented by Walsh was granted habeas corpus based on a similar claim and offers the following citation: *Taylor v. Armontrout*, No. 89–472C(3) slip op. (8th Cir. Feb. 7, 1991). We

are unable, however, to find any such opinion. Even assuming Lahay merely made a citation mistake, the result in *Taylor* would not alter our analysis here. When evaluating a claim of ineffective assistance of counsel, the court must consider the particular circumstances of a case. Lahay is not entitled to the writ simply because another client of Walsh's was able to secure relief on similar grounds in an unrelated case.

istrate judge properly assessed the credibility of the different witnesses in resolving this issue. After reviewing the record, we believe that the district court neither erred in adopting the magistrate judge's credibility determinations nor in concluding that Walsh investigated Cole and had a reasonable basis for not calling him as a witness.[3]

## III. CONCLUSION

For the reasons stated above, we affirm the district court's denial of Lahay's petition for writ of habeas corpus.

[3.] Lahay also claims that Walsh failed to adequately investigate other potential alibi witnesses. Lahay, however, did not call any of these witnesses at the habeas hearing and failed to present any evidence concerning their potential trial testimony other than his own assertions. Consequently, Lahay has failed to demonstrate any prejudice even if Walsh's performance was deficient as to these witnesses. *See Sanders,* 875 F.2d at 210.