59 F.3d 175
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Victoria FECHTER; Thor Fechter; Tordis Fechter, Harry R.
Fechter, Harry Fechter Plaintiffs-Appellants,
v.
Jana SHIROKY, Defendant,
and
Diane S. Goebel; Bonnie Supin; Marcie Cherik; Dawn Hardy;
State of Nevada; Dan Bixler; Fred Fisher; David
Dunn; Cheryl Levin; Laurel Swetnam;
Jerry Carlin; et.al.,
Defendants-Appellees.
 No. 94-16047.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 12, 1995.*
Decided June 23, 1995.
 
 Before: HUG, ALARCON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thor Fechter and his parents, Tordis and Harry Fechter, appeal pro se on behalf of Thor's minor child, Victoria Fechter, from the district court's dismissal of their complaint brought on Victoria's behalf under 42 U.S.C. Sec. 1983. The Fechters named twenty-six defendants, various judges, social workers, doctors, lawyers, and state officials, in their complaint alleging a conspiracy to deprive the Fechters of their constitutionally protected liberty interests in associating with Victoria. As we explain, we find the Fechters' arguments to be without merit and affirm the district court.
 
 BACKGROUND
 
 3
 The present appeal stems from a custody proceeding between Thor Fechter and Jana Shiroky. Thor and Jana had been divorced for some time but shared custody of their minor child Victoria. Jana brought proceedings in the Eighth Judicial District of the State of Nevada seeking sole custody after she had become suspicious that either Thor or his parents had sexually molested Victoria. The state court determined that Thor had sexually molested Victoria and awarded sole custody to Jana. Rather than appeal that decision to the Nevada Supreme Court, the Fechters brought a civil rights claim under 42 U.S.C. Secs. 1983 and 1985, which basically accused anyone involved in the custody proceeding of conspiring to deprive the Fechters of their rights to Victoria without due process of law and as a result of impermissible discrimination.
 
 STANDARD OF REVIEW
 
 4
 We review de novo a district court's dismissal for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6). Everest & Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). Likewise, a district court's dismissal on statute of limitations grounds presents a question of law that we review de novo. Washington v. Garrett, 10 F.3d 1421, 1428 (9th Cir. 1993). We review a district court's dismissal of a complaint pursuant to Fed. R. Civ. Pro. 4(m), formerly Fed. R. Civ. Pro. 4(j), for an abuse of discretion. Wei v. Hawaii, 763 F.2d 370, 371 (9th Cir. 1985).
 
 I. Section 1983
 
 5
 To prevail on a claim under 42 U.S.C. Sec. 1983, the claimant must show that he was deprived of a right, privilege, or immunity guaranteed by the Constitution or laws of the United States, by a person acting under color of state law. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986) cert. denied, 479 U.S. 1054 (1987). As we explain, through doctrines of immunity, the statute of limitations, failure to prove state action, or procedural default, the Fechters' section 1983 claims fail against each and every named defendant.
 
 
 6
 The Fechters' allege that their rights were violated by the state judges who handled the custody proceeding. These claims must fail because judges are entitled to absolute immunity from damages liability for their judicial actions undertaken within the scope of their authority. Supreme Court of Virginia v. Consumers Union of United States, Inc., 446 U.S. 719, 734-35 (1980); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Therefore the district court's decision to dismiss the claims against Judges Marren, Fine, and Shearing was proper.
 
 
 7
 Similarly, we have held that state employees responsible for the prosecution and investigation of child abuse and neglect proceedings, as well as psychologists and psychiatrists who provide information and evaluations for use in such proceedings, are entitled to absolute immunity from section 1983 lawsuits. See e.g., Babcock v. Tyler, 884 F.2d 497, 501-03 (9th Cir. 1989) cert. denied 493 U.S. 1072 (1990); Coverdell v. Dept. of Social & Health Services, 834 F.2d 758, 762-65 (9th Cir. 1987); Meyers v. Contra Costa County Dep't of Soc. Services, 812 F.2d 1154, 1156-58 (9th Cir.) cert. denied 484 U.S. 829 (1987). Thus, the claims against Cherek, Hardy, Farmer, Richitt, and Swetnam must fail as each of these Appellees, by right of their position and duties and respective roles in this litigation, is entitled to immunity from liability under 42 U.S.C. Sec. 1983.
 
 
 8
 In section 1983 actions, federal courts apply the state statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). If a state has one or more statutes of limitations for certain enumerated intentional torts and a residual statute for all other personal injury actions, the residual or general personal injury statute of limitations applies. Owens v. Okure, 488 U.S. 235, 236 (1989); see also Bagley v. CMC Real Estate Corp., 923 F.2d 578, 760 (9th Cir. 1991) cert. denied 502 U.S. 1091 (1992). This court has held that Nev. Rev. Stat. Sec. 11.190(4)(e), which provides for a limitations period of two years, is the residual statute of limitations for personal injury actions and section 1983 actions. Perez v. Seevers, 869 F.2d 425, 426 (9th Cir.) cert. denied, 493 U.S. 860 (1989). "A federal claim is generally considered to accrue when the plaintiff knows or has reason to know of the injury which is the basis of the action." Norco Const., Inc. v. King County, 801 F.2d 1143, 1145 (9th Cir. 1986) (quotation omitted).
 
 
 9
 Thus, in the instant action, Appellants had two years from the date the cause of action accrued in which to file their section 1983 complaints. In the present case it is clear from the face of the complaint that the Fechters' claims against Shiroky, Lisa and Nick Cologna, McAbee, Bohlman, Dunn, Supin, Goebel, and O'Brien were barred by the statute of limitations. All of the complained of activities of these Appellees occurred in 1989 or 1990. The Fechters were aware of their injury at the time of those acts. However, the Fechters did not file their complaint until April 1993, more than two years after the various causes of action had accrued. Thus, the district court acted properly in dismissing the claims. See Perez, 869 F.2d at 426; Norco Const. Inc., 801 F 2d at 1145.
 
 
 10
 The district court also dismissed the Fechters' complaints against several other defendants for failure to state a claim. "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) (internal quotation omitted). Action taken by a private individual may be "under color of state law" if there is a significant state involvement in the action such that the private defendant's alleged infringement of the plaintiff's federal rights is fairly attributable to the state. See e.g., West v. Atkins, 487 U.S. 42, 49 (1988); Lopez v. Department of Health Serv., 939 F.2d 881, 883 (9th Cir. 1991).
 
 
 11
 In the present case, the Fechters sued Gowen and Shapiro because of their roles as Shiroky's privately retained counsel in the divorce and custody proceedings. A private attorney performing a lawyer's traditional function cannot be considered to act under color of state law. Polk County v. Dodson, 454 U.S. 312, 319 n.9, 325 (1981). Thus, the Fechters' claims against Gowen and Shapiro were properly dismissed.
 
 
 12
 Even if a defendant is a state actor, liability under section 1983 must be based on the personal involvement of the defendant and not on the doctrine of respondeat superior. Monell v. NYC Dep't of Social Servs., 436 U.S. 658, 694 (1978); Palmer v. Sanderson, 9 F.3d 1433, 1438 (9th Cir. 1993). The Fechters sued the Governor, Bob Miller, and the Attorney General, Frankie Sue del Papa, of the State of Nevada, in their individual capacities under a theory of respondeat superior. Thus, the district court properly dismissed the Fechters' claims as to these Appellees.
 
 
 13
 Federal Rule of Civil Procedure 4(m), formerly 4(j), provides that an action against a defendant shall be dismissed without prejudice if that defendant is not served with a copy of the summons and complaint within 120 days after the filing of the complaint, unless the defendant can show good cause why service was not made within the prescribed period. See Townsel v. Contra Costa County, 820 F.2d 319, 320 (9th Cir. 1987). In the present action, the district court had quashed the Fechters' attempted service on defendants Fisher, Bixler and Levin for failure to properly serve under Fed. R. Civ. Pro. 4. The Fechters do not contest the validity of this quashing. The Fechters made no new attempts to serve these defendants. Although the district court did not explicitly rule that the Fechters had not demonstrated good cause for failing to serve within the 120 day limit, the court did not actually dismiss the complaint until May 27, 1994, well over one year after the Fechters had filed their initial complaint. Therefore, the district court did not abuse its discretion in dismissing the suit against Fisher, Bixler, and Levin. Likewise, the district court properly dismissed the Fechters' complaint against the State of Nevada, which was never served. Wei, 763 F.2d at 371.
 
 
 14
 Finally, the district court dismissed the Fechters' complaint against Appellee Carlin for failure to respond to Carlin's motion to dismiss. Local Rule 140-4 provides: "an opposing party shall have 15 days after service of the moving party's points and authorities within which to file and serve a memorandum of points and authorities in opposition to the motion." Local Rule 140-6 provides that "failure of an opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion." Carlin filed his motion on August 9, 1993. After eight weeks the Fechters had not responded and the district court, accordingly, dismissed their complaint. The district court did not abuse its discretion in dismissing pursuant to its local rules. See United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979) (upholding comparable local rule in District of Arizona).
 
 II. MISCELLANEOUS
 
 15
 The Fechters also brought causes of action under 18 U.S.C. Secs. 241, 242 and 245. These claims were properly dismissed because, as criminal statutes, no private right of action exists for these claims. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).
 
 
 16
 The Fechters also brought a claim under 42 U.S.C. Sec. 1985, alleging conspiracy to deprive them of their civil rights. Distinct from a section 1983 claim, a claim under section 1985 vindicates only conspiratorial tortious interference with the rights of others that is motivated by some class-based, invidiously discriminatory animus. See generally, Thomas v. News World Communications, 681 F.Supp 55, 68-70 (D.D.C. 1988). Thus, it is essential that the claimant allege class based discrimination that transcends the immediate dispute and evinces a general prejudice towards the class or group. The Fechters allege that they were discriminated against because of their status as Canadian and Norwegian-Americans. The Fechters' conclusory allegations are wholly unsupported by any facts indicating that the alleged conspiracy was somehow motivated by their Canadian/Viking heritage. The district court properly dismissed the Fechters' claims under section 1985.
 
 
 17
 Finally, because we conclude that the district court did not err in dismissing all of the Fechters' claims against the various defendants, we find it unnecessary to reach the question whether the Fechters can proceed, in the first instance, as pro se litigants on behalf of the minor child Victoria. That question has been rendered moot.
 
 CONCLUSION
 
 18
 Based on the foregoing analysis, we conclude that the district court's decision dismissing the Fechters' claims was not erroneous and, accordingly, is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3