# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2108

_____

Olibio Nelson Topete, also known as    *
Grumpy,    *
   *
         Appellant,    *    Appeal from the United States
   *    District Court for the
     v.    *    Northern District Iowa.
   *      [UNPUBLISHED]
United States of America,    *
   *
         Appellee.    *

_____

Submitted: March 28, 2006
Filed: April 3, 2006

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Olibio Topete appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion to vacate his drug-conspiracy conviction following a jury trial. The district court granted a certificate of appealability on three claims that Topete was denied effective assistance of counsel at his trial. We affirm.

_____

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

Claims of ineffective assistance of counsel are mixed questions of law and fact; this court reviews the district court's legal determination de novo, and its underlying findings of fact following a hearing for clear error. See United States v. Robinson, 301 F.3d 923, 925 (8th Cir. 2002), cert. denied, 537 U.S. 1238 (2003). Upon careful review, we conclude that the district court did not clearly err in finding that counsel had contact with Topete at least 33 times before trial, and we agree with the court that such contact belied Topete's claim that he was denied access to counsel. Cf. Lahay v. Armontrout, 974 F.2d 979, 981 (8th Cir. 1992) (attorney adequately conferred with client where client met with attorney twice and attorney had access to prior attorney's file, which included notes from prior attorney's meetings with client), cert. denied, 507 U.S. 987 (1993). The district court also did not clearly err in finding that Topete was informed of the possibility of a "straight up" plea, in which Topete could have received a sentence reduction for acceptance of responsibility without any need to cooperate with the government.

Finally, we agree with the district court that counsel was not ineffective for failing to call potential witness Christopher McGinty, as counsel's strategy to limit the association between McGinty and Topete was reasonable, and another witness who was considered more credible was to provide similar testimony. See Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984) (to establish ineffective-assistance claim, movant must show deficient representation that prejudiced his case); Graham v. Dormire, 212 F.3d 437, 440 (8th Cir. 2000) (reasonable trial strategy does not constitute ineffective assistance).

The judgment is affirmed.

_____