STATE of Missouri, Respondent,

v.

Edward V. LAWRENCE, Appellant.

No. 49204.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 1, 1985.

Motion for Rehearing and/or Transfer
Denied Nov. 12, 1985.

Application to Transfer Denied
Dec. 17, 1985.

Beth S. Ferguson, St. Louis, for appellant.

William L. Webster, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Edward V. Lawrence, was found guilty by a jury of capital murder, § 565.001, RSMo (1978), and murder in the first degree, § 565.003, RSMo (1978). He was sentenced to life imprisonment without parole for fifty years for capital murder and to a consecutive term of life imprisonment for murder in the first degree. In this direct appeal defendant contends that the court erred in admitting certain identification testimony and in disqualifying jury panel members who stated that they would be unable to consider the death sentence. We affirm.

Since defendant does not challenge the sufficiency of the evidence, we will briefly review the facts in the light most favorable to the verdicts. Defendant and two other men forced their way into the male victim's apartment. They demanded drugs or money from him. After he told them where some drugs were, they forced him and two sisters who had been visiting him at the time to lie on the floor face down. As the three men continued to search the apartment, one of them shot and killed both the man who lived in the apartment and one of the sisters. As the three intruders were

leaving, they shot the surviving sister four or five times. Shortly thereafter, the victim's roommate returned. Seeing the ransacked apartment and two of the victims lying on the living room floor, he hurried out of the apartment building. Once outside, he encountered an acquaintance who told him that some men had gone around to the back parking lot. The roommate got into his car and pursued an automobile that was pulling off the lot. He was able to see three men, to get a good look at defendant who was driving the car, and to record the license plate number.

Defendant first challenges the failure of the trial court to suppress the identification testimony of the victim's roommate, because his out-of-court identification was unreliable and tainted his in-court identification of defendant. He alleges that the witness' identification of him in a police photo display was tainted because the witness remembered him, not from the day of the crime, but from a photo the witness had seen in a local newspaper, and from a conversation in which a friend told the witness that defendant had been involved in the murders.

■ We find no error in overruling the motion to suppress the identification testimony. Defendant contends that, under the "totality of the circumstances" test, the identification procedures would prove unreliable. *See State v. Grounds*, 676 S.W.2d 10, 11 (Mo.App.1984). In a case in which the identification procedures are challenged as unreliable, the admissibility of the identification is determined by balancing the likelihood of irreparable misidentification against the necessity for the government to use the identification procedures questioned. *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). In this case, however, defendant has not claimed that the police used any improper identification procedures. When the source of the alleged taint is not governmental, the bal-

ancing test under *Stovall* and *Simmons* is not applicable. *United States v. Peele*, 574 F.2d 489, 491 (9th Cir.1978). It is for the trier of fact to determine the extent to which nongovernmental sources have influenced the perception or memory of a witness. *State v. Little*, 674 S.W.2d 541, 542 (Mo. banc 1984); *United States v. Zeiler*, 470 F.2d 717 (3rd Cir.1972). We recognize that a case might arise in which an identification of a defendant is so clouded by outside nongovernmental sources as to be totally unreliable as a matter of law; but that level of doubt is not reached in this case. Here the witness was subject to full cross-examination regarding the alleged suggestive influences. He testified that his identification of defendant was not swayed by the extrinsic events. Defendant's first point is denied.

■ Defendant next challenges the striking for cause of five members of the jury panel who responded during voir dire that they could not consider the death penalty if defendant was found guilty of capital murder. Since this point was not preserved by objection at trial or included in defendant's motion for new trial, our review is limited to plain error. Rule 30.20.

Defendant asserts that the exclusion of the jury panel members from the jury created a conviction-prone jury and violated his sixth amendment right to a fair cross section of the community.[1] Missouri follows current United States Supreme Court cases holding that the State may constitutionally exclude prospective jurors who cannot consider the death penalty as a possible punishment. *See State v. Nave*, 694 S.W.2d 729 (Mo. banc 1985); *State v. Malone*, 694 S.W.2d 723 (Mo. banc 1985). We therefore find no error, plain or otherwise. Defendant's second point is denied.

The judgment of the trial court is affirmed.

KELLY, and CRANDALL, JJ., concur.

---

1. Defendant cites *Grigsby v. Mabry*, 758 F.2d 226 (8th Cir. en banc 1985), *petition for cert. granted sub nom. McCree v. Lockhart*, — U.S. —, 106 S.Ct. 59, 88 L.Ed.2d 48.