Edward V. LAWRENCE, Appellant,

v.

Bill ARMONTROUT, Appellee.

No. 89–1843.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 12, 1990.

Decided March 30, 1990.

Rehearing and Rehearing En Banc
Denied June 13, 1990.

Daniel P. Card, II, St. Louis, Mo., for appellant.

Stewart M. Freilich, Jefferson City, Mo., for appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.

HEANEY, Senior Circuit Judge.

Edward V. Lawrence appeals from the order of the district court dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We reverse and remand.

## BACKGROUND

Lawrence was convicted in the Circuit Court of St. Louis County, Missouri, of capital murder and murder in the first degree. He was sentenced to life imprisonment without parole for fifty years on the capital murder charge and to a consecutive life sentence on the first degree murder charge. His convictions were affirmed on direct appeal. *State v. Lawrence*, 700 S.W.2d 111 (Mo.Ct.App.1985), *cert. denied*, 476 U.S. 1106, 106 S.Ct. 1951, 90 L.Ed.2d 361 (1986). Lawrence sought postconviction relief pursuant to Missouri Supreme Court Rule 27.26 alleging ineffective assistance of trial counsel. Lawrence claimed that his trial counsel failed to interview or call as witnesses several people who would have corroborated his alibi on the evening of the murders. Lawrence and his trial counsel testified at the evidentiary hearing on his 27.26 motion.[1]

Lawrence testified that Betty Buie, his girlfriend at the time of the murders, was his main alibi witness, and that because she suffered from a serious heart ailment, he

---

1. Lawrence was appointed new counsel after filing his 27.26 motion pro se.

had asked his trial counsel several times to take Buie's deposition in preparation for trial. Buie died about one month before the trial. Lawrence also stated that he asked his trial counsel to interview Felicia Longstreet and Brenda Buie, who would have corroborated Betty Buie's story.

Lawrence's trial counsel testified that she interviewed Betty Buie, but decided not to use her as a witness because her version of the alibi differed somewhat from Lawrence's. She denied knowing that Buie had been seriously ill. She also stated that her trial strategy focused on a defense of mis-identification rather than alibi. She testified that Betty Buie tried to contact potential alibi witnesses Felicia Longstreet and Veronica Trice for her, but that Buie could not locate Longstreet and that Trice would not come to court. She made no independent effort to locate, interview, or subpoena Longstreet or Trice. She did interview Brenda Buie, but did not subpoena her because she did not intend to use her at trial.

The assistant public defender who represented Lawrence at the 27.26 hearing stated on the record that Lawrence had requested her to call several witnesses at the hearing. She stated that she declined to do so as a matter of strategy, concluding that Lawrence's testimony about what he had requested his trial counsel to do would be enough.

The court denied Lawrence postconviction relief, concluding that his trial counsel had provided constitutionally effective assistance. The Missouri Court of Appeals affirmed. *Lawrence v. State*, 750 S.W.2d 505 (Mo.Ct.App.1988). Lawrence then filed a pro se petition for a writ of habeas corpus in federal court, again alleging ineffective assistance of trial counsel. The matter was referred to a magistrate, who recommended that the petition be denied based on the opinion of the Missouri Court of Appeals. The district court adopted the magistrate's recommendation, denied Lawrence's requests for appointed counsel and an evidentiary hearing, and dismissed the petition with prejudice. This appeal ensued.

## DISCUSSION

■ To establish ineffective assistance of counsel in violation of the sixth amendment, a habeas petitioner must show that his counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The Missouri state courts concluded, based on Lawrence's 27.26 hearing, that his trial counsel provided Lawrence with constitutionally effective assistance of counsel. The federal magistrate and the district court adopted this conclusion. We cannot agree.

■ A state court's conclusion regarding the effectiveness of counsel is a mixed question of law and fact not binding on this Court. *Thomas v. Lockhart*, 738 F.2d 304, 307 (8th Cir.1984). Conclusions on mixed questions of law and fact, unlike a state court's findings of historical facts, are not subject to the deference requirement of 28 U.S.C. § 2254(d). *Id.* at 307 n. 3.

■ "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064. We believe that once Lawrence provided his trial counsel with the names of potential alibi witnesses, it was unreasonable of her not to make some effort to interview all these potential witnesses to ascertain whether their testimony would aid an alibi defense. *See Tosh v. Lockhart*, 879 F.2d 412, 414 (8th Cir.1989) (failure to make reasonable effort to procure testimony of alibi witnesses constituted deficient performance). Trial counsel testified at Lawrence's 27.26 hearing that she made no personal effort to contact either Felicia Longstreet or Veronica Trice, relying instead on Betty Buie's assertion that one woman could not be located and the other did not wish to testify. Trial counsel's admitted failure to attempt to find and interview Longstreet and Trice herself falls short of the diligence that a reasonably

competent attorney would exercise under similar circumstances. *See Eldridge v. Atkins*, 665 F.2d 228, 235 (8th Cir.1981), *cert. denied*, 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 168 (1982) ("When a man's liberty is at stake counsel owes a greater duty than to simply accept someone's hearsay statement that the witness would rather not testify.").[2]

█ Similarly, trial counsel's assertion that she intended to defend Lawrence on a theory of misidentification does not excuse her failure to investigate all potential alibi witnesses. Testimony from alibi witnesses would bolster rather than detract from a defense of misidentification by negating the inference raised by an eyewitness identification that the defendant had been present at the scene of the crime. A tactical decision to rely on a misidentification defense in no way forecloses the concurrent use of alibi witnesses.

Although trial counsel stated at the 27.26 hearing that Betty Buie's version of what she and Lawrence had done on the evening of the murders was "similar [to] but different" from the alibi Lawrence gave her, she acknowledged that Buie was a willing and supportive alibi witness. The record does not indicate what the differences between their respective versions were. Because she did not intend to have Lawrence testify at trial, however, there was little danger of exposing the jury to conflicting alibis. *Cf. Maxwell v. Mabry*, 672 F.2d 683, 685 (1982) (failure to pursue further investigation of defendant's alibi when one contact refuted alibi and defendant testified regarding alibi was not ineffective assistance).

In light of all the circumstances, we conclude that his trial counsel owed Lawrence a duty to pursue his alibi defense and to investigate all witnesses who allegedly possessed knowledge concerning Lawrence's guilt or innocence. *See Eldridge*, 665 F.2d at 236. Because she failed to do so, Lawrence has satisfied the first prong of the *Strickland* standard.

To establish constitutionally ineffective assistance of counsel, however, Lawrence still must show that trial counsel's deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Because the Missouri state courts found that Lawrence received effective assistance from his trial counsel, they made no ruling on the prejudice prong of the *Strickland* analysis. The federal magistrate correctly noted, however, that Lawrence had made no showing at his 27.26 hearing or in his federal habeas petition that the potential alibi witnesses could have assisted him effectively in his defense.

█ The transcript of the 27.26 hearing shows that Lawrence's postconviction counsel failed to call several witnesses despite Lawrence's request that she do so. She concluded that Lawrence's testimony regarding his requests that trial counsel present alibi testimony at trial would suffice to establish ineffective assistance of trial counsel. A petitioner seeking relief based on ineffective assistance of counsel must "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067. To affirmatively prove prejudice, a petitioner ordinarily must show not only that the testimony of uncalled witnesses would have been favorable, but also that those witnesses would have testified at trial. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985). Moreover, if potential trial witnesses are not called to testify at a postconviction review hearing, the petitioner ordinarily should explain their absence and "demonstrate, with some precision, the content of the testimony they would have given at trial." *United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1014–15 (7th Cir.1987). In view of these requirements, we believe that Lawrence's postconviction counsel also failed to exercise the skill and diligence expected of a reasonably competent attorney under similar circumstances.

**2.** Lawrence also argues that his trial counsel's failure to preserve the testimony of Betty Buie for trial constituted ineffective assistance. Although Lawrence testified at his 27.26 hearing that he informed his trial counsel of Buie's

heart disease, trial counsel testified that she was unaware that Buie was seriously ill. The state court resolved this conflict in favor of Lawrence's trial counsel, and we will not disturb the state court's credibility finding.

We do not believe, however, that Lawrence's failure to produce the alibi witnesses at his state postconviction hearing constitutes a procedural default of the prejudice portion of his ineffective assistance claim. Lawrence presented his claim of ineffective assistance of trial counsel to the highest state court that would hear it. That court concluded that trial counsel's performance was adequate and that Lawrence had failed to meet his burden on the performance prong of *Strickland.* Thus, the Missouri Court of Appeals saw no reason to reach the question whether Lawrence had demonstrated prejudice. *See Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069 (court need not address both performance and prejudice prongs of the inquiry if defendant makes an insufficient showing on either prong). The Missouri Court of Appeals made a complete determination on the merits of Lawrence's ineffective assistance claim by concluding that his trial counsel's performance had been constitutionally adequate. Consequently, the state court need not have reached the issue of prejudice even if Lawrence's postconviction counsel had produced the testimony of the potential alibi witnesses.

Our holding that trial counsel's failure to investigate alibi witnesses fell below an objective standard of reasonable competence makes necessary a determination whether trial counsel's deficiency prejudiced Lawrence's defense. Because Lawrence's postconviction counsel failed to present evidence of prejudice at Lawrence's 27.26 hearing, Lawrence cannot return to state court to obtain a ruling on this issue. The Missouri Supreme Court does not recognize ineffective assistance of postconviction counsel as a ground for a second postconviction proceeding. *See Brauch v. State,* 653 S.W.2d 380, 381 (Mo. 1983) (en banc) (Rule 27.26 precludes attack on adequacy of counsel in preparation and conduct of prior 27.26 motion). Lawrence has therefore exhausted his state remedies. On remand, the district court must determine whether Lawrence can show prejudice by demonstrating that the uncalled alibi witnesses would have testified if asked, and that their testimony would have supported Lawrence's alibi.

Accordingly, we reverse the order of the district court dismissing Lawrence's petition. We remand the case to the district court with instructions to appoint counsel for Lawrence and to hold an evidentiary hearing to determine whether trial counsel's failure to investigate and call alibi witnesses prejudiced Lawrence's defense.