Edward V. LAWRENCE, Appellee,

v.

Bill ARMONTROUT, Appellant.

No. 91–2082.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 9, 1992.

Decided April 2, 1992.

Stephen D. Hawke, Jefferson City, Mo., argued, for appellant.

Daniel P. Card, II, St. Louis, Mo., argued, for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

The State of Missouri appeals the district court's order granting Edward V. Lawrence's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We remand for reconsideration of Lawrence's claim of ineffective assistance of counsel.

## I. BACKGROUND

Lawrence was convicted in the Circuit Court of St. Louis County, Missouri, of capital murder and murder in the first de-

gree. He was sentenced to life imprisonment without parole for fifty years on the capital murder charge and to a consecutive life sentence on the first degree murder charge. His convictions were affirmed on direct appeal. *State v. Lawrence*, 700 S.W.2d 111 (Mo.Ct.App.1985), *cert. denied*, 476 U.S. 1106, 106 S.Ct. 1951, 90 L.Ed.2d 361 (1986).[1] Lawrence sought postconviction relief pursuant to Missouri Supreme Court Rule 27.26, alleging his trial counsel was ineffective for having failed to interview several individuals who would have corroborated his alibi on the evening of the murders. The trial court denied Lawrence's request for postconviction relief, concluding his attorney had provided constitutionally effective assistance. The Missouri Court of Appeals affirmed. *Lawrence v. State*, 750 S.W.2d 505 (Mo.Ct.App. 1988). Lawrence then filed a pro se petition for a writ of habeas corpus in federal court, again alleging ineffective assistance of counsel. The matter was referred to a magistrate, who recommended that the petition be denied. The district court adopted the magistrate's recommendation, denied Lawrence's requests for appointed counsel and an evidentiary hearing, and dismissed the petition with prejudice. Lawrence appealed. This court reversed and remanded with instructions to appoint counsel for Lawrence and to hold an evidentiary hearing to determine whether trial counsel's failure to investigate and call alibi witnesses prejudiced Lawrence's defense. *Lawrence v. Armontrout*, 900 F.2d 127 (8th Cir.1990). The matter was again referred to a magistrate, who determined that trial counsel's failure to call alibi witnesses did not prejudice Lawrence's defense. The magistrate found the proffered alibi evidence was not sufficient to undermine his confidence in the outcome of Lawrence's trial because the evidence of Lawrence's guilt was substantial, the testimony of the alibi witness was not credible, and the testimony of other witnesses did not add to Lawrence's alibi defense. The district court rejected the magistrate's recommen-

---

1. For a detailed discussion of the facts underlying Lawrence's convictions, see *State v. Lawrence*, 700 S.W.2d at 111.

dation and granted Lawrence's petition for a writ of habeas corpus. The State appeals the granting of the writ.

## II. DISCUSSION

█ In order for a habeas petitioner to establish ineffective assistance of counsel, he must show his trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Lawrence argued at both the state and federal level that his trial counsel's failure to investigate and call alibi witnesses amounted to ineffective assistance of counsel. In Lawrence's initial appeal, we held his trial counsel's failure to interview witnesses constituted a breach of his duty to provide reasonably competent legal representation. *Lawrence v. Armontrout,* 900 F.2d 127, 130 (8th Cir.1990). Having determined that Lawrence satisfied the first prong of the *Strickland* test, we remanded to the district court for the purpose of determining whether trial counsel's failure to investigate and call alibi witnesses prejudiced Lawrence's defense. *Id.* at 131.

█ The State argues the district court applied an incorrect standard when it analyzed Lawrence's claim that his trial counsel's deficient performance prejudiced his defense.[2] We agree. The court applied an improper harmless error standard when it held:

> [T]his Court must determine whether there is relevant and admissible evidence which a jury could reasonably weigh in assessing the guilt or innocence of petitioner. The Court finds that the testimony of Brenda Buie, Felicia Longstreet Dixon, and Yvonne Pillow is relevant and admissible evidence which supports Lawrence's alibi defense. Moreover, each of these witnesses indicated that they would have testified at petitioner's origi-

nal trial. *The Court is unable to declare that the omission of this evidence was harmless beyond a reasonable doubt.* Accordingly, the Court finds that petitioner has shown that he was prejudiced by counsel's failure to call alibi witnesses.

*Lawrence v. Armontrout,* No. 88–1238, slip op. at 4–5 (E.D.Mo. March 25, 1991) (emphasis added).

Under the standard set forth by the Supreme Court in *Strickland,* it is the petitioner's burden to affirmatively prove prejudice, which requires proof "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. Thus, it is Lawrence's burden to affirmatively prove that there is a reasonable probability that, had his trial counsel interviewed and called the alibi witnesses, he would have been acquitted. *Id.* at 694, 104 S.Ct. at 2068. In the case at bar, the district court erred by improperly shifting the burden of proof from Lawrence to the State. The court also erred in changing the legal standard from "reasonable probability" to "harmless beyond a reasonable doubt."

Because the district court's analysis was premised on the use of an incorrect standard and the court improperly shifted the burden of proof, we reverse and remand for consideration under the proper *Strickland* prejudice standard. *See Laws v. Armontrout,* 863 F.2d 1377, 1382 (8th Cir. 1988), *cert. denied,* 490 U.S. 1040, 109 S.Ct. 1944, 104 L.Ed.2d 415 (1989) (district court reversed for use of erroneous legal test that departed from *Strickland* standard).

## III. CONCLUSION

For the reasons set forth above, we reverse the order of the district court granting Lawrence's petition for writ of habeas

---

**2.** The State also argues Lawrence's failure to produce alibi witnesses at his state postconviction hearing constitutes a procedural default. This court has already addressed this issue in its prior decision and that constitutes the law of the case. We, therefore, see no reason to allow the State to relitigate the issue. *See Lawrence,* 900 F.2d at 131.

corpus and remand for proper consideration under *Strickland's* prejudice standard.