**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Samuel L. LEWIS, Defendant–**
**Appellant.**

**No. 01–2483.**

United States Court of Appeals,
Seventh Circuit.

Argued March 5, 2002.

Decided April 4, 2002.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

## ORDER

In this appeal from his drug convictions, *see* 21 U.S.C. §§ 846, 841(a)(1), Samuel Lewis argues through new counsel that the indictment should have been dismissed because of a violation of the Speedy Trial Act ("STA"), and that his trial lawyer was ineffective. We affirm.

In the district court Lewis's appointed counsel filed 15 pretrial motions 45 days late (including one asking that the motions be allowed even though untimely). The district court "denied" Lewis's request to file the motions "out of time," and then denied all but five of the substantive motions as untimely, but added that it would have denied each of them on its merits in any event. The court then denied three of the remaining motions on grounds that Lewis does not challenge and denied the last two motions with leave to refile with greater specificity. Lewis did amend a

suppression motion, and the court later denied it after an evidentiary hearing.

On four separate occasions the district court postponed the trial at Lewis's request including one postponement based on counsel's unavailability because he was opening his own law office. Counsel assured the court that Lewis had no objection to "waiving" his right to a speedy trial. When the trial finally commenced Lewis directed counsel to move to dismiss the indictment based on an STA violation. But counsel represented that he lacked a good-faith basis for the motion because by his count only 35 nonexcludable days had elapsed on the speedy-trial clock. So the court treated counsel's motion as a pro se motion and denied it. After a two-day trial the jury found Lewis guilty of conspiracy to distribute, possession with intent to distribute, and distribution of cocaine base.

After the trial a probation officer recommended that Lewis's relevant conduct be set at 184.25 grams of crack calculated from the trial testimony of Jeremy Biles, who estimated that on seven or eight occasions Lewis purchased from him either 1/4 or 1/8 of an ounce of crack (the latter commonly known as an "8–ball"), and Woodrow Chapman, who testified that Lewis purchased from him 1/2. 1/4 or 1/8 of an ounce of crack at least two or three times per week for five months. Lewis objected to the relevant conduct calculation, arguing that the crack he purchased from Biles and Chapman weighed less than what they represented. Defense counsel, however, did not call either Biles or Chapman to testify at sentencing, but instead relied on their trial testimony, even though Biles testified at trial that an 8–ball weighed approximately 3.5 grams, and Chapman added that the represented weight of his crack sales was indeed accurate. The court overruled Lewis's objec-

tion and found that Biles's testimony was sufficient to find that the 8–balls indeed weighed 3.5 grams and that Biles and Chapman were credible witnesses.

On appeal Lewis first contends that his convictions must be reversed because his trial commenced 296 days beyond the 70–day limit required by the STA. The STA requires that trial begin within 70 days of the later of the defendant's first appearance or the return and unsealing of an indictment, 18 U.S.C. § 3161(c)(1), excluding certain periods such as some delays resulting from pretrial motions. 18 U.S.C. § 3161(h)(1)(F); *Henderson v. United States,* 476 U.S. 321, 326, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986); *United States v. Pedroza,* 269 F.3d 821, 829–30 (7th Cir. 2001). Also excludable are delays resulting from continuances that serve "the ends of justice." 18 U.S.C. § 3161(h)(8)(A); *United States v. Taylor,* 196 F.3d 854, 860 (7th Cir.1999). Thus, we reject as frivolous counsel's assertion at oral argument that no time should ever be excludable from the 70–day limit. *See* 18 U.S.C. § 3161(h); *Henderson,* 476 U.S. at 326, 106 S.Ct. 1871; *Pedroza,* 269 F.3d at 829–30.

■ Lewis also contends that even if some periods are excludable, the 46 days resulting from one of counsel's motions to continue are not. He claims that although his attorney requested the continuance, the record does not evidence that Lewis personally agreed to it. But in "our system of representative litigation, ... [a] party is deemed bound by the acts of his lawyer-agent." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 634, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *see also New York v. Hill,* 528 U.S. 110, 115, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000) (applying *Link* to criminal cases). While a defendant must be personally involved in deciding whether to assert or waive certain basic rights such as

the right to plead not guilty, the right to a jury, the right to testify, the right to represent oneself, the right to counsel, and the right to appeal, *Hill,* 528 U.S. at 114, 120 S.Ct. 659; *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), "[s]cheduling matters are plainly among those for which agreement by counsel generally controls." *Hill,* 528 U.S. at 115, 120 S.Ct. 659 (imputing to defendant his counsel's agreement to delay trial for specified period beyond otherwise-applicable deadline under the Interstate Agreement on Detainers). Thus, because Lewis never asked to proceed pro se, counsel necessarily spoke for him, and the 46 days resulting from counsel's motion to continue are excludable. *See United States v. Baskin–Bey,* 45 F.3d 200, 204 (7th Cir.1995).

█ Lewis next argues that his trial attorney was ineffective in missing the motions deadline and in failing to call Biles and Chapman at sentencing. We rarely hear ineffective assistance claims on direct appeal, but will if the defendant has a new lawyer and the record is sufficient to address the claim. *United States v. Hodges,* 259 F.3d 655, 659 n. 2 (7th Cir.2001). At oral argument we warned Lewis's appellate counsel that raising ineffective assistance now would foreclose the claim in a collateral proceeding where the record could be better developed, *see United States v. Hardamon,* 188 F.3d 843, 847 (7th Cir.1999), but counsel persisted and so we proceed to the merits.

█ Attorneys provide ineffective assistance when their performance falls below an objective standard of reasonableness and the defendant suffers prejudice. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove prejudice the defendant must show "a reasonable likelihood that the outcome of the proceedings would have been different." *United States v. Wallace,* 276 F.3d 360, 366 (7th Cir.2002). Such a reasonable likelihood is "one sufficient to undermine confidence in the outcome." *Morris v. United States,* 264 F.3d 726, 727 (7th Cir.2001).

Lewis cannot satisfy *Strickland* because he does not even attempt to demonstrate prejudice from counsel's untimely filing of pretrial motions. Lewis merely asks this court "to recognize the devastating consequences" of counsel's waiver of the substantive arguments in his pretrial motions, but does not explain what those consequences are. Nor does he argue that his motions would have been granted if timely, and indeed the district court made plain that it would have denied them. Because Lewis must establish that the untimeliness had more than "some conceivable effect on the outcome of the proceeding," *Strickland,* 466 U.S. at 693, 104 S.Ct. 2052, this aspect of his ineffective assistance claim must fail.

█ Likewise, Lewis cannot establish prejudice from counsel's failure to call Biles and Chapman at sentencing. Had they testified that the amount of crack sold to Lewis was less than the amount testified to at trial, they would be admitted liars, and their testimony would be incredible. Such incredible testimony would be insufficient to establish a reasonable likelihood that Lewis's sentence would have been different. *See Brown v. Jones,* 255 F.3d 1273, 1278–79 (11th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 823, 151 L.Ed.2d 705 (2002); *Lawrence v. Armontrout,* 31 F.3d 662, 667 (8th Cir.1994); *United States v. Olson,* 846 F.2d 1103, 1109 (7th Cir.1988).

AFFIRMED.