# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1230WM

_____

Gary O. Fladten,      *

                         *

        Appellant,      *     On Appeal from the United

                         *     States District Court

    v.                       *     for the Western District

                         *     of Missouri.

                         *

United States of America,      *     [Not To Be Published]

                         *

        Appellee.      *

_____

Submitted:  August 6, 2002

Filed:  August 16, 2002

_____

Before LOKEN, RICHARD S. ARNOLD, and RILEY, Circuit Judges.

_____

PER CURIAM.

      Gary Fladten pleaded guilty to one count of attempting to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A). He was sentenced to 84 months of imprisonment. Mr. Fladten then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The District Court[1] denied this motion, but granted a certificate of appealability on Mr. Fladten's claim

_____

[1]The Hon. Ortrie D. Smith, United States District Judge for the Western District of Missouri.

that his attorney provided ineffective assistance in the handling of the two-point sentencing enhancement that he received for possession of a firearm. After examining the record, we hold that Mr. Fladten's attorney was not constitutionally deficient.

We review the District Court's conclusion that Mr. Fladten's attorney was not constitutionally ineffective de novo. In order to prevail on an ineffective-assistance-of-counsel claim, Mr. Fladten must show that "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense." Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992). We do not believe the record supports such a finding.

In a previous opinion, we held that there was sufficient evidence in the record to support the firearm enhancement that Mr. Fladten received. United States v. Fladten, 230 F.3d 1083, 1086 (8th Cir. 2000) (per curiam). First, we noted that two of Mr. Fladten's co-defendants testified that Mr. Fladten was in possession of a handgun sometime during the night that he was arrested. Additionally, a .22 caliber weapon was found with other drug paraphernalia in the house where Mr. Fladten was arrested.

Mr. Fladten now contends that although his trial counsel objected to the two-point sentencing enhancement, counsel was so unfamiliar with the police investigation that he was unable to assert a meaningful challenge. Additionally, he argues that his attorney failed to impeach properly the evidence of a government informant who testified Mr. Fladten was in possession of a firearm on the night of his arrest. Mr. Fladten argues that his attorney was not familiar with the correct documents to impeach this testimony and then failed to pursue the matter thoroughly on cross-examination. These arguments are without merit. Mr. Fladten's trial

counsel did object to the sentencing enhancement, and he also tried to impeach the testimony of the government witnesses in several different ways. As petitioner points out, there were arguments that his lawyer could have but did not make. We are not persuaded, however, that these omissions were important enough to undermine one's confidence in the outcome of the sentencing hearing.

Therefore, we affirm the decision of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.