JUSTICE NELSON
dissents.
¶45 I cannot join the Court’s Opinion in this case as to either Issues One, Two or Three.
¶46 As to Issues One and Two, we conclude that trial counsel’s decision not to interview Weaver’s witnesses was a tactical decision based on her conclusion that the witnesses were “squirrelly” and, therefore, not likely to give as credible testimony as the State’s lead investigator.
¶47 In State v. Denny (1993), 262 Mont. 248, 865 P.2d 226, we addressed a similar situation. Denny defended charges of conspiracy to sell dangerous drugs on the basis of her innocence. Denny, 262 Mont. at 250, 252, 865 P.2d at 227-28. Trial counsel, knowing that Denny would need help at trial, failed to interview possible witnesses who could have supported her testimony. Denny, 262 Mont. at 252, 865 P.2d at 228. As here, defense counsel made a tactical decision not to interview or call the witnesses based on counsel’s suppositions and characterizations about the testimony that the witnesses would likely provide. Denny, 262 Mont. at 252, 865 P.2d at 228.
¶48 Concluding that defense counsel should have at least interviewed the witnesses before rejecting the possibility of using their testimony at trial, we adopted the following reasoning of the Fifth and D.C. Circuit Courts of Appeal:
*454 ‘\A\t a minimum, counsel has the duty to interview potential witnesses and to make an independent investigation of the facts and circumstances of the case.” [Citing the American Bar Association Standards for Criminal Justice.]

“The complete failure to investigate potentially corroborating witnesses, however, can hardly be considered a tactical decision.”

Denny, 262 Mont. at 253, 865 P.2d at 228-29 (citations omitted) (emphasis in original).
¶49 We next proceeded to adopt a test from the Seventh Circuit. We observed, as is implicit in the Court’s Opinion here, that
“if the potential witnesses are not called, it is incumbent on the petitioner to explain their absence and to demonstrate, with some precision, the content of the testimony they would have given at trial. The district court simply cannot fulfill its obligation under Strickland to assess prejudice until the petitioner has met his burden of supplying sufficiently precise information.”
Denny, 262 Mont. at 254, 865 P.2d at 229-30 (citation omitted) (emphasis in original).
¶50 Unlike this Court in the case subjudice, however, we then went the next logical step. We concluded that Denny’s counsel at the hearing on her motion for new trial-here, the attorney-equivalent to Weaver’s postconviction counsel (who is the same person as his counsel in this appeal)--was ineffective in failing to present at Denny’s motion hearing-the equivalent of Weaver’s postconviction hearing-sufficient precise information about the prospective testimony of the witnesses who were never interviewed by trial counsel, so as to allow the district court to assess prejudice. Denny, 262 Mont. at 255, 865 P.2d at 230.
¶51 The Court’s Opinion to the contrary, it was postconviction counsel’s duty under Denny to interview the witnesses not interviewed by trial counsel and, if favorable, to bring the information before the postconviction court. In Denny, we adopted the following statement of the law from the Eighth Circuit’s decision in Lawrence v. Armontrout (8th Cir. 1990), 900 F.2d 127, 130:
“A petitioner seeking relief based on ineffective assistance of counsel must ‘affirmatively prove prejudice.’ To affirmatively prove prejudice, a petitioner ordinarily must show not only that the testimony of uncalled witnesses would have been favorable, but also that those witnesses would have testified at trial. Moreover, if potential trial witnesses are not called to testify at a post-conviction review hearing, the petitioner ordinarily should *455 explain their absence and ‘demonstrate, with some precision, the content of the testimony they would have given at trial.’ In view of these requirements, we believe that [petitioner’s] postconviction counsel also failed to exercise the skill and diligence expected of a reasonably competent attorney under similar circumstances. ”
Denny, 262 Mont. at 255, 865 P.2d at 230 (emphasis added). Here, postconviction counsel unarguably failed in this obligation; he did not interview the witnesses either. That is evident from the record. Apparently, under the Court’s view, Weaver will now be entitled to a second postconviction hearing with new counsel to demonstrate that his first postconviction counsel was ineffective.
¶52 So there, in a nutshell, is Weaver’s conundrum. Defense counsel, without interviews, concluded that the potential witnesses’ testimony would not be helpful at trial because the witnesses were “squirrelly.” And, to add insult to injury, we conclude that trial counsel’s decision was a correct tactical decision because Weaver-translated, postconviction counsel-failed to present the District Court with any information to the contrary about the prospective testimony.
¶53 The Court ignores Denny and our analysis founders. Weaver can’t win for losing. Both counsel failed to render effective assistance. And we agree that was appropriate.
¶54 As to Issue Three, I do not necessarily disagree that trial counsel made the right decision in not offering the Catts entomological report. There were not many alternatives left given that on the day before trial counsel learned that Catts had died eight months earlier.
¶55 It is undisputed that the Catts report was damning. Apparently even the prosecution acknowledged that the report might well torpedo the State’s case because the report would contradict the State’s theory about the time of Fremou’s death and the weapon used. In that light, one might reasonably expect that the Defense would call Catts as its witness and that the State might not want to call Catts at all. If that premise is reasonable, it begs the question of why trial counsel did not, early on, interview and subpoena Catts in sufficient time before trial to: (1) assure his presence and testimony; or (2), as it would have turned out, discover that he was dead. Had counsel learned of Catts’ death at some time other than the day before the trial, she well might have been able to obtain a new expert. I conclude that, under these facts, trial counsel did not render effective assistance.
¶56 I would reverse and order a new trial. I dissent.