MERRITT, Circuit Judge, concurring.
I agree and concur in Judge Moore's opinion that the admission of the hearsay testimony of Joshua and Bonnie Willis violated the Confrontation Clause, but the failure to call Linda Khriss as a witness also constituted ineffective assistance of counsel.
Issa was charged with aggravated murder with prior calculation and design and a death specification of murder for hire. Issa's codefendant, Linda Khriss, facing the same charges as Issa, testified in her own trial and denied hiring anyone to kill her husband. She specifically exonerated Issa, testifying at her trial that Issa did not conspire to kill her husband. Linda Khriss Trial Tr. at 101. She denied the existence of any plan to kill her husband.
Q. [A]t any time prior to the death of your husband did you and Ahmad Issa conspire or plan to kill your husband?
A. No sir, we never did.
Linda Khriss Tr. Trans. at 86. Linda Khriss was acquitted. The state then presented the same theory at Issa's trial that it relied on at Linda's: Linda hired Issa to kill her husband, and Issa hired Miles to be the triggerman. Linda Khriss was available to testify at Issa's trial-and in fact sat in the courtroom throughout much of his trial. Yet trial counsel failed to call her. Issa therefore did not benefit from the testimony she gave at her own trial. The failure of Issa's counsel to have Linda testify to disprove Issa's involvement in the murder constitutes ineffective assistance of counsel.
The Sixth Amendment guarantees to a criminal defendant "the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right to counsel is "the right to effective assistance of counsel." McMann v. Richardson , 397 U.S. 759, 771 n.14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington , 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prevail on a Sixth Amendment claim, a petitioner must prove both that counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms," id. at 688, 104 S.Ct. 2052, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the petitioner's trial. Id . at 694, 104 S.Ct. 2052.
Strickland first directs us to examine whether counsel's performance was deficient, that is, whether it "fell below an objective standard of reasonableness" measured under "prevailing professional norms." Id . at 688, 104 S.Ct. 2052. The state contends that because counsel's decision not to call Linda was "strategic," it cannot be ineffective. "Strategic" decisions can be unreasonable depending on the circumstances and therefore deficient under Strickland .
*462 Roe v. Flores-Ortega , 528 U.S. 470, 481, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) ("The relevant question is not whether counsel's choices were strategic, but whether they were reasonable."). Simply labeling the decision "strategic" is not enough under Strickland . "A lawyer who fails adequately to investigate, and to introduce into evidence , [information] that demonstrate[s] his client's factual innocence, or that raise[s] sufficient doubt as to that question to undermine confidence in the verdict , renders deficient performance." Hart v. Gomez , 174 F.3d 1067, 1070 (9th Cir. 1999) (emphasis added). Therefore, an attorney's failure to present available exculpatory evidence is ordinarily deficient absent some clearly discernible reason. Stewart v. Wolfenbarger , 468 F.3d 338, 355-61 (6th Cir. 2006) (trial counsel has been found ineffective when she fails to present exculpatory testimony); see also Washington v. Murray , 952 F.2d 1472, 1476 (4th Cir. 1991) ; Lawrence v. Armontrout , 900 F.2d 127, 130 (8th Cir. 1990) ; appeal after remand , 961 F.2d 113 (8th Cir. 1992) (failure to interview alibi witnesses was deficient performance under first Strickland factor); Harris v. Reed , 894 F.2d 871, 878 (7th Cir. 1990) (failure to call witnesses to contradict eyewitness identification of defendant was ineffective assistance).
I cannot perceive any legitimate strategic reason for the failure to present evidence that would show that a jury of twelve had just concluded that Linda was not guilty of the same crime Issa was being tried for. It seems obvious that Linda's testimony would have been helpful to raise reasonable doubt about whether she hired Issa to kill Maher Khriss.
The second Strickland prong requires us to determine whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland , 466 U.S. at 694, 104 S.Ct. 2052. The only testimony directly tying Issa to the murders was the hearsay statement of Miles introduced through Bonnie and Joshua Willis, testimony the state recognized as the "cornerstone" of their case. The Willis' hearsay testimony should not have been admitted; but, once it was, Issa's trial counsel needed to refute it. What better way to disprove the charge than to show that Linda had just been acquitted of the same charge?
The Ohio court failed to reasonably apply Strickland . Issa raised the claim of ineffective assistance of counsel in his state post-conviction petition for relief. The Ohio Court of Appeals found, without citing any basis for its conclusion, that because part of Linda's testimony "could be damaging" to Issa, counsel's strategic decision not to call her as a witness was not ineffective assistance. State v. Issa , C-000793, 2001 WL 1635592, at *4 (Ohio Ct. App. Dec. 21, 2001), appeal not allowed for review , 95 Ohio St.3d 1422, 766 N.E.2d 162 (Ohio 2002) (Table). The Ohio court does not explain the content of the so-called "damaging" testimony given by Linda at her trial. The record in this case reflects only the testimony of an acquitted codefendant who testified in her own defense, denying any plan to kill her husband, as well as explicitly denying that she hired Issa to kill her husband. The Ohio court's speculation about the possibility of Linda's testimony being "damaging" is insufficient to satisfy Strickland , Towns v. Smith , 395 F.3d 251, 259-60 (6th Cir. 2005) (no support in the record for speculation that the witnesses' testimony would have been damaging to defendant), and is therefore an unreasonable application of Supreme Court law. Even if something in the testimony could be perceived as negative, it was far outweighed by the fact that Linda's testimony disproved the entirety of the state's case and exonerated Issa. The failure to call Linda Khriss as a witness *463 fell below an objective standard of reasonableness, caused harm to Issa and was an unreasonable application of Strickland .
There is one final reason that Issa should not be put to death. Even if he contributed in some way to the murder in this case, it is completely irrational to select him for execution while Linda and Miles are spared. The death penalty system has "capriciously" and "freakishly" selected Issa for death just as Justice Stewart described in his concurring opinion in Furman v. Georgia , 408 U.S. 238, 309-10, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). If the Eighth Amendment is to "draw its meaning from evolving standards of decency that mark the progress of a maturing society," Trop v. Dulles , 356 U.S. 86, 101, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958), we should not let Issa be executed when the trigger man (Miles) is simply imprisoned. The State of Ohio does not attempt to explain these inconsistent verdicts. The irrationality of these inconsistencies is apparent.