42 F.3d 1406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph R. CHAVEZ, Plaintiff-Appellant,
v.
Robert TANSY, Warden, Defendant-Appellant.
 No. 94-2050.
 United States Court of Appeals, Tenth Circuit.
 Nov. 29, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Joseph Chavez appeals the district court's order denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. In his petition, appellant contends that he received constitutionally ineffective assistance of counsel at trial and that his guilty plea was involuntary. We grant appellant's certificate of probable cause. This court has jurisdiction pursuant to 28 U.S.C. 2253, and we affirm.
 
 
 3
 Appellant first claims that his trial counsel, Mr. Grant Foutz, was constitutionally ineffective because Mr. Foutz (1) failed to interview potential or actual witnesses, (2) failed to examine the state's physical evidence, and (3) failed to investigate possible defenses to the state's charges, particularly an alibi defense.
 
 
 4
 To demonstrate that his counsel's performance was so ineffective as to violate the Sixth Amendment, appellant "must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). Appellant must also demonstrate that he was prejudiced by his counsel's ineffectiveness, meaning that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Because appellant pleaded guilty, the prejudice prong of Strickland requires him to demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). We agree with the district court that appellant has failed to make such a showing.
 
 
 5
 An attorney's failure to investigate a defendant's case may potentially render her performance constitutionally ineffective. See Lawrence v. Armontrout, 900 F.2d 127, 129-30 (8th Cir.1990); Montgomery v. Petersen, 846 F.2d 407, 413-14 (7th Cir.1988). But to satisfy the prejudice prong of the Strickland test, a defendant must show that it is reasonably probable that counsel's inadequate investigation caused her to plead guilty. See Hill, 474 U.S. at 59.
 
 
 6
 In this case, appellant has made no showing that an adequate investigation by his trial counsel would have caused him not to plead guilty. As the magistrate judge found, appellant "did not present any witnesses at the evidentiary hearing to corroborate his alibi claim," nor did he "allege[ ] any defense or exculpatory fact which could have been discovered through an examination of the physical evidence." In sum, appellant "has made no showing that further investigation by counsel would have turned up any evidence which would have led to a change in either counsel's recommendation or [appellant]'s decision to plea."
 
 
 7
 Appellant contends that his counsel's failure to investigate caused him to plead guilty because he was afraid of proceeding to trial with an unprepared attorney. Such a contention, without more, does not show prejudice sufficient to carry appellant's burden under Strickland. Because appellant has not demonstrated that he was prejudiced by counsel's alleged ineffectiveness, he has failed to show that he received constitutionally ineffective assistance of counsel.
 
 
 8
 Appellant next claims that his guilty plea was involuntary because his counsel assured him that he would receive a four year sentence if he pleaded guilty. This court has held that "[a]n erroneous sentence estimate does not render a plea involuntary, but an attorney's unfair representation of probable leniency may be found coercive." Laycock v. New Mexico, 880 F.2d 1184, 1186 (10th Cir.1989). It is not enough for the defendant merely to misunderstand counsel's advice; rather, a defendant must establish that counsel "materially misrepresented the consequences of the plea," and that counsel's misrepresentation caused him to plead guilty. Id.
 
 
 9
 The record in this case does not reveal the requisite material misrepresentation. Appellant stated in his affidavit that "Mr. Foutz told me the District Attorney offered me a plea agreement that would give me a penitentiary sentence of four years followed by two years at the Delancy Street program." Appellant also stated that he "agreed to enter a guilty plea with the understanding that I would receive four years in prison and two years at Delancy Street." But his attorney, Mr. Foutz, testified at the evidentiary hearing that he did not make such assurances; rather, he told appellant on several occasions that appellant would likely have to serve approximately four and a half years of actual time if he accepted the plea agreement.
 
 
 10
 Also significant is appellant's testimony that his plea was voluntary and that he knew the sentencing range for his offense. This court has held that such testimony "constitute[s] a formidable barrier in any subsequent collateral proceedings' " to a claim that the plea was involuntary. Worthen v. Meachum, 842 F.2d 1179, 1183-84 (10th Cir.1988) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Here, the magistrate judge found that appellant "testified at his guilty plea proceeding that he understood the charges against him, the range of sentences possible for the offenses charged, and that his plea was voluntary and not the result of force, threats, or coercion." Our independent review of the record confirms these findings. The sentencing judge clearly informed appellant that his sentence could be from six to twelve years incarceration, with the basic sentence being nine years. Appellant acknowledged that he understood the sentencing range; he also testified that his plea was "voluntary, and not the result of any force, threats, or promises." In addition, appellant signed a document confirming that he understood that the basic sentence was nine years incarceration, and that he could receive a sentence from six to twelve years. Appellant responds only that he "wasn't paying too much attention" at his sentencing hearing because he believed counsel "had taken care of that." Under these circumstances, we cannot find that appellant's guilty plea was involuntary.
 
 
 11
 We find no error in the district court's findings that appellant did not receive constitutionally ineffective counsel and that his guilty plea was voluntary. The district court's denial of appellant's petition for a writ of habeas corpus is therefore AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470