**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 29 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LOUIS ERNESTO SANTURIO,

    Defendant - Appellant.

No. 97-5149

N.D. Oklahoma

(D.C. No. 97-CV-368-C)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

Petitioner, Louis Santurio, a federal inmate appearing pro se, requests a certificate of appealability to appeal the district court's dismissal of his motion to

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255.[1]  We

deny the certificate and dismiss the appeal.


## BACKGROUND

On October 13, 1992, Mr. Santurio and his codefendant, Carmen Serrano,

were stopped for a traffic violation, which ultimately led to a warrantless search

of the vehicle in which they were traveling and the seizure of 74 kg of cocaine.

Both were subsequently charged with possession with intent to distribute cocaine,

in violation of 21 U.S.C. §§ 841 (a)(1), (b)(1)(A)(ii), and aiding and abetting, in

violation of 18 U.S.C. § 2.  Prior to trial, Mr. Santurio's counsel filed a motion to

suppress the evidence obtained by this search, and, after an evidentiary hearing,

the motion was denied.  The case was then tried to a jury.  The court granted Ms.

Serrano a judgment of acquittal at the close of the government's evidence, and

therefore the jury deliberated as to Santurio only.  After the jury returned a guilty

---

[1]Although Mr. Santurio filed his brief on February 11, 1998, he did not file an application for a certificate of appealability and his brief did not discuss the issue.  The government then moved to dismiss the case, arguing that because Santurio had failed to "brief any request for a certificate of appealability in this court" as required by this court's Emergency General Order of October 1, 1996, his appeal must be dismissed.  An order of this court was subsequently filed, referring the motion to this panel.  Because pursuant to Fed. R. App. P. 22(b), we may construe Mr. Santurio's notice of appeal as a request for a certificate of appealability, see Hoxsie v. Kerby, 108 F.3d 1239, 1241 (10th Cir.), cert. denied, 118 S. Ct. 126 (1997), and because we generally construe pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we deny the government's motion to dismiss on these grounds.

verdict, Santurio was sentenced to 120 months' imprisonment followed by five years' supervised release, and a $30,000 fine was imposed. On direct appeal, we upheld the district court's denial of Santurio's motion to suppress. See United States v. Santurio, 29 F.3d 550 (10th Cir. 1994). He now brings this § 2255 petition, once again attacking the legality of the stop and search, and raising two other issues. The district court denied both the § 2255 petition and Santurio's subsequent request for a certificate of appealability.

**DISCUSSION**

The court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Mr. Santurio argues that: (1) the district court erred when it denied his motion to suppress evidence; (2) the district court erred when it permitted government witnesses to offer inaccurate testimony at trial; and (3) the district court erred in failing to recognize "the total ineffectiveness" of his court-appointed trial counsel and in denying his request for appointment of new counsel.

Mr. Santurio's first two arguments are not properly before this court. As indicated above, his Fourth Amendment claim has been previously considered and disposed of by this court on direct appeal, and thus is procedurally barred. See

United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) (stating that where the court of appeals has previously considered and disposed of issues on direct appeal, a defendant may not raise these issues under § 2255).

Mr. Santurio's argument regarding inaccurate trial testimony presents new issues that were not presented to or addressed by the district court in the § 2255 action below; therefore, we do not address it. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992) (stating that as a general rule, this court will not consider on appeal an issue that was not raised below). Furthermore, these issues could have been presented on direct appeal and were not.[2] See United States v. Cox, 83 F.3d 336, 341 (10th Cir. 1996) ("A § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal.").

Thus, we address only Mr. Santurio's argument that he received ineffective assistance of counsel. See United States v. Galloway, 56 F.3d 1239, 1240-41

---

[2]When a defendant/petitioner fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding unless he establishes either cause excusing the procedural default and prejudice resulting from the error, or, a fundamental miscarriage of justice if the claim is not considered. United States v. Cox, 83 F.3d 336, 341 (10th Cir. 1996); see United States v. Frady, 456 U.S. 152, 167-68 (1982). A colorable claim of factual innocence can be sufficient to establish a fundamental miscarriage of justice, Cox, 83 F.3d at 341, and we acknowledge that in discussing this argument, Santurio does allege that he is actually innocent of all the charges against him. See Appellant's Br. at 18, 22. However, Mr. Santurio's claim is not colorable, and is therefore insufficient to overcome the procedural default.

(10th Cir. 1995) (stating that ineffective assistance of counsel claims are properly brought in collateral proceedings and not on direct appeal). A claim of ineffectiveness of counsel is a mixed question of law and fact which we review de novo. Duvall v. Reynolds, Nos. 96-6329, 97-6299, 1998 WL 97748, at *4 (10th Cir. Mar. 4, 1998).

To succeed on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance fell "below an objective standard of reasonableness" and was so prejudicial "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). The defendant/petitioner bears the burden of proving both deficient performance and prejudice, see Brecheen v. Reynolds, 41 F.3d 1343, 1365 (10th Cir. 1994), and after a careful examination of the record, we conclude that Mr. Santurio has failed to meet this burden.

In essence, Mr. Santurio alleges that his counsel was ineffective for eight reasons:

> 1. Failing to hire an investigator, interview potential witnesses, or to otherwise conduct a proper investigation.
> 2. Failing to argue pretextual stop.
> 3. Failing to challenge prosecution witnesses, including Officer Hornbeck as to his ability to detect odors.
> 4. Failing to present any evidence or witnesses at trial and waiving opening argument.

5. Failing to file objections to the PSR regarding the amount of drugs used to determine the base offense level.
6. Failing to call the K-9 handler as a witness.
7. Failing to call Ms. Serrano as a witness.
8. Failing to present evidence of his insulin dependency or to argue his medical condition.

Appellant's Br. at 4-6. We do not address the substance of these assertions, however, because in some cases we proceed directly to the issue of prejudice. United States v. Haddock, 12 F.3d 950, 955 (10th Cir. 1993) ("The Supreme Court has observed that often it may be easier to dispose of an ineffectiveness claim for lack of prejudice than to determine whether the alleged errors were legally deficient."). This is such a case. We accordingly express no opinion on whether the performance of Santurio's counsel was deficient.

With regard to the first five of the above allegations, Santurio makes only the most general assertions of prejudice, arguing that he had a right to a pre-trial investigation, that he was denied the justice to which he is entitled, that he has satisfied the two-prong test of Strickland, and that he was deprived of a fair trial. See Appellant's Br. at 6-9. These nonspecific and conclusory statements are insufficient to satisfy his burden under Strickland. See Stafford v. Saffle, 34 F.3d 1557, 1564-65 (10th Cir. 1994) (stating that vague and conclusory evidence is insufficient to satisfy the prejudice prong of Strickland); United States v. Mealy, 851 F.2d 890, 908 (7th Cir. 1988) (stating that conclusory allegations cannot satisfy the prejudice prong of Strickland); see also Hall v. Bellmon, 935 F.2d

-6-

1106, 1110 (10th Cir. 1991) (stating that even pro se petitioners must allege sufficient facts on which a recognized legal claim could be based, and conclusory allegations will not suffice).

Santurio does attempt to make specific assertions of prejudice as to the last three of his allegations, but even these assertions are insufficient and ultimately conclusory. First, he alleges that the K-9 handler was an essential witness because he could have challenged the account of the search given by the arresting officer. However, Mr. Santurio does not present any evidence as to what the K-9 handler would have said had he appeared at the evidentiary hearing or at trial, thus making any finding of prejudice on this claim nearly impossible. See Coleman v. Brown, 802 F.2d 1227, 1234 (10th Cir. 1986); Lawrence v. Armontrout, 900 F.2d 127, 130 (8th Cir. 1990) (stating that when an ineffective assistance claim centers on a failure to investigate and elicit testimony from witnesses, the petitioner must "demonstrate, with some precision, the content of the testimony they would have given at trial."(quotation omitted)). By failing to show what testimony this witness could have given, Mr. Santurio cannot show that there is a reasonable probability that but for counsel's allegedly deficient performance, the result of the trial would have been different. See Strickland, 466 U.S. at 694.

Second, presumably referring to Ms. Serrano, Santurio asserts that it was error for his counsel not to call the witness that could present the only defense available. See Appellant's Br. at 6. Although Santurio does not specifically allege what that defense would have been, he indicates later in his brief that Ms. Serrano would have supported his version of the events surrounding the search of the vehicle.[3] However, given the evidence against Mr. Santurio and the potential complicity of Ms. Serrano, we do not think it unreasonable for counsel to have made the tactical decision under her discretion not to call Ms. Serrano as a witness at the evidentiary hearing. See United States v. Janoe, 720 F.2d 1156, 1162-63 (10th Cir. 1983). As for the trial, it is true that Ms. Serrano was acquitted at the close of the government's evidence and thus could have safely testified in Santurio's behalf. Santurio fails to recognize, however, that by the time Ms. Serrano was acquitted, the court had already ruled on the legality of the search. Because the legality of the search was not at issue during the trial, we are confident that the result of the trial would not have been different had Ms. Serrano testified.

---

[3]In arguing the illegality of the search, Santurio refers the court to an affidavit Ms. Serrano gave in December 1993, eight months after Santurio was sentenced. In this affidavit, Ms. Serrano says, inter alia, that she did not smell "a strange odor" in the vehicle, and that at one point "the policeman pushed [Santurio] back into the patrol car." R. Vol. I, Tab 44, Ex. G. She also indicates that at least some search of the vehicle was conducted before the police officer asked Santurio to sign the consent form. Id.

Third, Santurio alleges that because of his lack of insulin during his encounters with the arresting officer and then later that evening with several DEA agents, the voluntariness of his answers was "diminished." Appellant's Br. at 4. He does not present any evidence, however, that he was actually insulin dependant at all, that he was insulin deprived at the time of the interviews, or that a state of insulin deprivation did, or could, affect the voluntariness of his responses. "[A] defendant has a 'burden of supplying sufficiently precise information,' of the evidence that would have been obtained had his counsel undertaken the desired investigation, and of showing 'whether such information . . . would have produced a different result.'" United States v. Kamel, 965 F.2d 484, 499 n.45 (7th Cir. 1992) (quoting United States ex rel. Cross v. DeRobertis, 811 F.2d 1008, 1016 (7th Cir. 1987)).

Finally, Mr. Santurio requests a change of venue due to the district court's bias against him, asks that we remand for further departure due to mitigating factors and grant him a safety-valve credit, and asks that we allow him to amend his brief to supplement it with exhibits he has not yet received. Appellant's Br. at 8, 21, 22. Because he has failed to raise these issues in anything other than a conclusory manner, we decline to address them.[4] See Drake v. City of Fort

---

[4] In any event, were we to address the merits of these requests, we would agree with the district court that a safety-valve credit is not warranted under these

(continued...)

<u>Collins</u>, 927 F.2d 1156, 1159 (10th Cir. 1991) ("Despite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the [party] in the absence of any discussion of those issues.").

## CONCLUSION

Therefore, because Santurio has failed to make a substantial showing of the denial of a constitutional right, the certificate of appealability is DENIED and the appeal is DISMISSED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[4](...continued)
circumstances. <u>See</u> R. Vol. I, Tab 47 at 13. Also, we would deny Santurio's requests to supplement his brief and for a change of venue.