**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOSE LUIS CARLOS MARTINEZ,

　　　　Petitioner-Appellant,

v.

LAWRENCE A. TAFOYA, Warden;
SOUTHERN NEW MEXICO
CORRECTIONAL FACILITY;
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

　　　　Respondents-Appellees.

No. 00-2445
(D.C. No. CIV-99-672 LH/LCS)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*　　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Jose Carlos Martinez, a New Mexico state prisoner, seeks a certificate of appealability to pursue an appeal from an order of the district court denying his petition for habeas corpus. Because he has failed to make "a substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.

*Factual and Procedural Background*

A jury convicted Martinez of two counts of criminal sexual penetration and one count of kidnaping. His convictions arose from the rape of a ten-year-old girl, which occurred during a backyard wedding reception near Las Cruces, New Mexico. Both Martinez and the victim were guests at the reception.

According to the victim's testimony, sometime after nightfall a man she did not recognize grabbed her from a swing and lead her through the darkness to an isolated spot in the sagebrush desert behind the reception area. He then pushed her to the ground, removed her clothing, and inserted his fingers into her vagina; several minutes later he penetrated her again, this time with his penis. A rape examination revealed vaginal tearing; such an injury, explained the treating physician, is consistent with forcible penetration. DNA testing confirmed that stains found on the victim's clothing were Martinez's semen and blood. The victim's underwear was ripped, her face bruised and dirtied. After seeing

a videotape of the reception, the victim identified Martinez as the assailant, an identification she repeated at trial.

Additionally, Martinez's telephone pager was discovered at the crime scene, as was a plastic cup similar to those used at the wedding party. A search of his trailer turned up the clothes he wore to the party; they were wrapped in a blanket and stuffed in the back of a closet. There was blood on his jacket, shirt, and pants. Martinez, who testified at trial, denied committing the assault. He insisted that he encountered the victim behind the reception area by chance, and claims he did no more than assent to her demand for a kiss. His defense at trial relied heavily on evidence that a pubic hair discovered on one of the victim's sandals was not his.

Accompanied by a request for an evidentiary hearing, Martinez's habeas petition raised three claims. The magistrate judge deemed one of them abandoned, a ruling Martinez does not challenge on appeal. With respect to Martinez's two remaining claims–ineffective assistance of counsel and violation of the rule against double jeopardy–the magistrate judge recommended denying relief. The magistrate judge, whose recommendation the district court adopted in full, did not address Martinez's request for an evidentiary hearing. On appeal, Martinez renews his ineffective assistance and double jeopardy claims, as well as his request for an evidentiary hearing.

*Ineffective Assistance of Counsel*

To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that (1) representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the first prong, Martinez must show that defense counsel's performance was not simply wrong, but instead was completely unreasonable. *See Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997). To show prejudice, Martinez must establish that, but for counsel's errors, there was a reasonable probability that the outcome of his trial would have been different. *See id*. at 1245.

Moreover, because Martinez filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), our review of his ineffective assistance of counsel claim is governed by the revised standards of review set out in 28 U.S.C. § 2254(d). This standard allows a federal court to grant habeas relief only if the relevant state court decision was either "contrary to" or "an unreasonable application of" established Supreme Court precedent, or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1) and (2). We conclude that the New Mexico state court's denial of Martinez's claim was neither contrary to

-4-

nor an unreasonable application of Supreme Court precedent, nor was it the result of an unreasonable determination of the facts.

Martinez alleges two instances of what he claims was constitutionally deficient representation. First, he points to trial counsel's failure to retain an expert to challenge the prosecution's DNA evidence. Second, he claims that defense counsel ignored potentially exculpatory witnesses.

Turning to the first allegation, Martinez argues that counsel's decision against calling a DNA expert at trial violated the *Strickland* standard. We disagree. Martinez does not deny that it was his DNA found on the victim's clothing. Rather, he offers an innocent explanation. As he told the jury, the victim approached him behind the reception area and asked for a kiss. When he agreed, she bit his tongue, drawing blood. He surmised that some of this blood made its way onto her clothes. He also testified that shortly before she approached he had masturbated, and that during their kiss some of his semen was transferred to her clothing. Given this testimony, there is no reason to believe that a DNA expert witness could have assisted the defense; indeed challenging the DNA evidence would have undermined Martinez's account of the incident.

No doubt recognizing this dilemma, the thrust of Martinez's argument is that counsel should have retained a DNA expert *before* trial, to assist the defense in developing an alternate strategy to combat the prosecution's DNA evidence.

Asserting that there can be no strategic reason for a lack of pretrial preparation, Martinez suggests that the failure to consult with an expert left counsel no choice but to mount an ultimately misguided defense.

This may be so, but Martinez offers no evidence–here or below–to undermine our confidence in the DNA evidence presented at trial. The most he can say is that defense counsel did not seek an expert to highlight "the various deficiencies of DNA analysis generally and the deficiencies of the particular lab involved in the case." Appellant Br. at 17. This vague, conclusory allegation is inadequate. At a minimum, Martinez must identify the specific "deficiencies"–of DNA evidence in general and the lab in particular–to which he alludes. Equally, he must tell us how these alleged deficiencies are relevant to *this* case and, critically, how they would have made a difference in the outcome of the trial.

When an ineffective assistance claim centers on a failure to investigate and elicit testimony from witnesses, the petitioner must "demonstrate, with some precision, the content of the testimony they would have given at trial." *Lawrence v. Armontrout*, 900 F.2d 127, 130 (8th Cir. 1990) (quotation omitted). The lack of a specific, affirmative showing of any exculpatory evidence leaves Martinez's claim well short of the prejudice required by *Strickland*. *See Patel v. United States*, 19 F.3d 1231, 1237 (7th Cir. 1994) (holding no prejudice to petitioner who failed to make specific, affirmative showing that absent witness's testimony

would have affected outcome of trial); *see also Foster v. Ward*, 182 F.3d 1177, 1185 (10th Cir. 1999) (concluding that defense counsel's failure to contact or investigate alibi witnesses insufficient to establish prejudice), *cert. denied*, 120 S. Ct. 1438 (2000). In light of our conclusion that Martinez has not established prejudice, we end our *Strickland* analysis. *See id.* at 1184.

Martinez's second instance of alleged constitutionally inadequate representation stems from what he says was counsel's failure to contact or investigate certain exculpatory witnesses. Martinez claims his trial lawyer refused to contact specific individuals "who had information relevant to the context within which the events [at the wedding] occurred." Appellant Br. at 17. According to Martinez, these potential witnesses, in whose presence Martinez passed much of the wedding day, would have testified that Martinez spent a substantial part of the day drinking beer. They also would have assured jurors that Martinez was not, as the prosecution contended, an uninvited guest at the wedding, corroborating Martinez's testimony on this point. Martinez urges that a willful ignorance of these facts "deprived" counsel of "the knowledge and information needed to make an informed decision as to whether these witnesses would have been helpful at trial." *Id.* at 17-18.

We fail to see the relevance of any testimony from Martinez's drinking companions. Nor do we see how knowledge on the part of defense counsel about

the amount of beer his client drank on the day of the wedding, or whether his client was invited to the reception or an interloper, would have altered counsel's performance or the outcome at trial. (We note that Martinez mentioned several times during his testimony that he had been drinking before the wedding reception and, in addition, that he consumed ten to twelve cups of beer at the party.) Again, Martinez has not made the showing necessary to establish prejudice.

Martinez also claims his lawyer was ineffective because he did not call a witness who says she overheard, in a courtroom hallway, a prosecution witness disavow a statement she (the prosecution witness) had recently made to jurors. Corroborating the victim's testimony, the prosecution witness told the jury that she saw Martinez leave the wedding reception with the young girl in hand. According to Martinez, this testimony could have been impeached by his witness, who reportedly would have revealed that she heard the prosecution witness admit that her in-court identification of Martinez was uncertain. Martinez, as noted above, denies that he secreted the victim away from the wedding party, and claims instead that the victim approached him shortly after he left the reception. [1]

---

[1] Perhaps because Martinez first mentioned the existence of his would-be impeachment witness in his reply brief below, the magistrate judge did not discuss the issue in her report and recommendation.

We do not believe that the testimony of Martinez's potential impeachment witness would have made a difference at trial. This is so even if we discount entirely the prosecution witness's identification of Martinez as the man she saw leading the victim away from the wedding party. Martinez does not explain how his proposed impeachment evidence would weaken the incriminating inferences drawn from, among other evidence: (1) the victim's account of the assault and her identification of Martinez as the assailant; (2) the DNA evidence linking Martinez to the crime; (3) the physical injuries the victim suffered as a result of forced penetration, her ripped underwear, and the bloodied clothing discovered in Martinez's home. Furthermore, Martinez's own testimony places him at the crime scene, and he offers a rather implausible account of how his semen and blood made their way onto the victim's clothing. We strongly doubt that the trial turned on whether the victim was taken to the crime scene, or, as Martinez says, he encountered her there by chance. Unable to envision a reasonable possibility that the latter would have resulted in a different outcome at trial, we must deny relief. [2]

---

[2] Though he does not challenge it on appeal, our conclusion applies with equal force to the kidnaping charge for which Martinez was convicted. The jury was not required to find that he took the victim away from the party, since under New Mexico law kidnaping does not require asportation. *State v. McGuire*, 795 P.2d 996, 1000 (N.M. 1990). The manner in which the victim arrived at the crime scene is therefore irrelevant.

*Double Jeopardy*

Martinez next argues that his conviction on two counts of criminal sexual penetration–one for digital, the other for penile penetration–twice placed him in jeopardy for the same offense. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Double Jeopardy Clause affords three distinct protections to a criminal defendant: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple criminal punishments for the same offense. *Jones v. Thomas*, 491 U.S. 376, 380-81 (1989).

The third protection is at issue here. This protection is restricted to "ensuring that the sentencing discretion of courts is confined to the limits established by the legislature." *Cummings v. Evans*, 161 F.3d 610, 614 (10th Cir. 1998) (quotation omitted). Where the same act violates two statutes, the test to determine whether the punishments are multiple–and thus in violation of the Fifth Amendment–is "essentially one of legislative intent." *Id.* (quotation omitted). Thus, "if the legislature intended cumulative punishments for both violations and the sentences are imposed in the same proceeding, no double jeopardy violation

-10-

arises." *Dennis v. Poppel*, 222 F.3d 1245, 1255 (10th Cir. 2000). We apply the so-called *Blockburger* test only where legislative intent is unclear. *Id.*[3]

"In assessing whether a state legislature intended to prescribe cumulative punishments for a single criminal incident, we are bound by a state court's determination of the legislature's intent." *Cummings*, 161 F.3d at 615; *see also Lucero v. Kerby*, 133 F.3d 1299, 1316 (10th Cir. 1998) (holding that federal court in habeas proceeding should defer to state court's determination of separate offenses). Here, the New Mexico Court of Appeals rejected Martinez's double jeopardy claim, applying the factors set forth by the New Mexico Supreme Court for determining the legislature's intent. *See* R. Doc. 11, at Ex. M, pp. 5-7. The state appellate court noted, in particular, that Martinez repositioned the victim between the two penetrations and, deferring to an express finding by the jury, ruled that he acted with different impulses during the two attacks. *Id.* at p. 6. Under these circumstances, the court said, the legislature intended two offenses. *Id.* at 7. The New Mexico Supreme Court denied certiorari. R. Doc. 11, at Ex. O. The determination by the New Mexico courts to look to the legislature's intent for purposes of resolving this double jeopardy claim was an appropriate application of federal law. As such, Martinez is not entitled to habeas relief

---

[3] In *Blockburger v. United States*, 284 U.S. 299, 304 (1932), the Supreme Court held that the proper way to determine whether there are two offenses or only one is to ask whether each requires proof of a fact that the other does not.

under 28 U.S.C. § 2254(d)(1). Furthermore, this court has reviewed Martinez's request for a certificate of appealability, his appellate briefs, and the record. That review leads us to conclude that Martinez has not overcome the deference this court affords a state court's determination of state legislative intent as to whether multiple punishments were intended. *See Lucero*, 133 F.3d at 1316.

*Evidentiary Hearing*

Finally, we address Martinez's request for an evidentiary hearing. Because he attempted to develop the factual basis of his claims in state court, 28 U.S.C. § 2254(e)(2) does not apply. *Miller v. Champion*, 161 F.3d 1249, 1253 (10th Cir. 1998). In consequence, he is entitled to an evidentiary hearing only if he can show that "his allegations, if true and if not contravened by the existing factual record, would entitle him to habeas relief." *Id*. Martinez has not made this showing.

We DENY Martinez's request for a certificate of appealability and DISMISS the appeal.

Entered for the Court

Michael R. Murphy
Circuit Judge

-12-